**NORTON, Deputy Commissioner, v. GULF REFINING CO. et al.**

No. 6393.

Circuit Court of Appeals, Third Circuit.

Dec. 30, 1937.

Charles F. Uhl, U. S. Atty., and Premo J. Columbus, Asst. U. S. Atty., both of Pittsburgh, Pa., for appellant.

James J. Burns, Jr., of Pittsburgh, Pa., for appellees.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the Gulf Refining Company and its insurance carrier brought a bill in equity against the deputy commissioner of the United States Employers' Compensation Commission and Charlotte P. and Matthew J. McLane praying said commissioner be enjoined from enforcing a compensation order made in favor of the McLanes against the Gulf Company for damages by them sustained by reason of the death of their son. After hearing, the court granted the injunction prayed for, whereupon this appeal was taken.

The findings by the court below, which were as follows:

"1. On July 14, 1935, John Robert McLane, deceased, son of claimants, met his death by accident, while in the course of his employment for the plaintiff, Gulf Refining Company, a corporation engaged in interstate commerce, as an assistant gauger.

"2. When the accident occurred on that date said company was loading a barge in the Ohio River, a navigable stream, with gasoline drawn from tanks on land. The gauger of the company, then on board the barge, called his superior at the pump-house of the company, and asked him to send McLane, then working ashore, to the barge with sample bottles in order that he might get the samples of the product being loaded on the barge.

"3. McLane, accordingly, went down to the barge with a rack of eight sample bottles to be filled with sample gasoline out of each compartment on the barge, and to be taken to the laboratory for testing purposes. He got aboard the barge, walked towards the place where the gauger was, and while they were conversing, for not

more than about three minutes, an explosion occurred on the barge, fatally injuring both the gauger and his assistant McLane," show the pertinent facts, and the question involved, as stated by the court, is whether the decedent was at the time of the explosion "doing work which had a direct relation to commerce."

Relying on the case quoted, the trial judge said: "On these facts we are of the opinion that McLane's employment had no relation to navigation and was non-maritime. The taking of samples of gasoline to be tested in the laboratories of the Gulf Refining Company had no bearing whatever on navigation. It is like the case of a lumber inspector temporarily on board a schooner checking a cargo of lumber, who was held by the Supreme Court to be engaged in a non-maritime employment. Rosengrant v. Havard, 273 U.S. 664, 47 S.Ct. 454, 71 L.Ed. 829."

As we view that case, its facts were wholly different from the present case. There, Ex parte Rosengrant, 213 Ala. 202, 104 So. 409, affirmed Rosengrant v. Havard, 273 U.S. 664, 47 S.Ct. 454, 71 L.Ed. 829, the claimant was not an employee of the barge. In the present case the deceased was an employee of the Gulf Refining Company, the barge owner. Inothat case Rosengrant was a lumber checker, employed by a company which had a lumber yard, and his checking of the lumber could as well have been done on shore after the lumber left the vessel. There was no necessity for his going on the barge. While on the barge he was accidentally killed by the discharge of a pistol held in the hands of one of the crew. In the present case the gauger in charge on the barge ordered the deceased to come on the barge, to bring containers to be filled from the barge's tanks, and to obtain samples. In that regard the proof was that the deceased "should go up and get the sample bottles and bring them down to the barge, get the sample," and by that time he (the shore pumper) "would be done loading the barge and McLane would help pull up the hose to the dock where it is then wound up." The proofs further show that, "while McLane was gauging front compartment of barge, gasoline which was spilled on deck of barge flashed behind his back. In attempting to escape he was burned, resulting in death."

From the above it is clear the sampling of the gasoline in the barge was necessary before the barge could depart; that, by direction of the decedent's employer, which employer operated the barge, decedent boarded the barge to aid in the sampling, and while on the vessel met his death while in line of duty. Such being the case, we are of opinion the federal compensation law applied, 33 U.S.C.A. § 901 et seq., and, in enjoining the deputy commissioner from performing his duty, the court erred. So holding, the record is remanded to the court below, with directions to dismiss the bill.