LAKE WASHINGTON SHIPYARDS et al. v.
BRUEGGEMAN et al.

No. 695.

District Court, W. D. Washington, N. D.

May 4, 1931.

John W. Roberts, E. L. Skeel, Tom W. Holman, and W. E. Evenson, Jr. (of Roberts, Skeel & Holman), all of Seattle, Wash., for petitioners.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., for defendants.

BOURQUIN, District Judge.

Plaintiffs, employer and insurer, seek review of defendant deputy's determination that the former's employee, injured and deceased, left no person surviving entitled to compensation within the Longshoremen's and Harbor Workers' Compensation Act (33 US CA § 901 et seq.), and, including as defendants the United States Employees' Compensation Commission, pray the determination be set aside and defendants enjoined from collection of the money in like circumstances due the special fund by said act (section 944) created. The proceeding is not the statutory review the act provides, but in theory is the usual suit in equity to annul the determination of a special tribunal which otherwise might deprive complainant of property without due process and in respect to which is no adequate remedy at law. Final hearing has been had. The suit fails for want of equity. If any attempt be made to enforce payment into the special fund (and none is alleged threatened), it must be by action at law brought, not by defendants, but by the United States or its Treasurer by the act (section 944) made trustee thereof. Therein, plaintiffs can defend upon every ground urged herein, viz., that deceased's employment was not maritime, and that the local law validly provides for recovery for his death (see Section 903).

The nature of deceased's employment goes to the jurisdiction of the deputy, in respect to which he made no finding. Even if he had, it would not be conclusive, for a special tribunal's lack of jurisdiction is available by way of defense in a collateral proceeding. If, however, on appeal it should be held otherwise and the merits considered, the deputy's

determination accords with undisputed evidence.

It appears that defendant employer contracted to adapt the passenger steel steamship Iroquois to the additional use of vehicle transportation. To that end as the principal object, the ship was placed on ways to the main deck stripped of housings, the deck torn out, and the interior "gutted" to within 20.25 feet of the keel; part of the hull plating below water line removed to the extent of a belt 6 to 10 feet above the keel, of some width but not to the top of the hull or rail, and full length of the vessel, some ribs were removed to broaden the beam to conform to requirements for auto transport. Engines and boilers rebuilt and a "new hull put around her"; and all, upon the original "skeleton" over or upon which the vessel was thus remodeled or rebuilt. She was then launched, and the employee was caulking her when fatally injured.

In these circumstances the enterprise was not original construction and nonmaritime as plaintiffs contend, but was remodeling and rebuilding an existing vessel which never lost its identity, and maritime within the rule of the New Bedford Case, 258 U. S. 98, 42 S. Ct. 243, 66 L. Ed. 482. After as before, the ship was the passenger steel steamship Iroquois, though fitted to the additional use aforesaid.

And it suffices to say that state compensation statutes do not apply to maritime service. See Nogueira v. Co., 281 U. S. 133, 50 S. Ct. 303, 74 L. Ed. 754.

Suit dismissed, with costs.