## LARSON v. TODD SHIPYARDS CORPORATION et al.

No. 7075.

District Court, E. D. New York.

Nov. 12, 1936.

Morris Rosenberg, of New York City, for plaintiff.

Cullen & Dykman, of Brooklyn, N. Y., (Dimitri G. S. Eristoff, of Brooklyn, N. Y., of counsel), for defendants.

BYERS, District Judge.

Motion for an order dismissing complaint and for judgment in favor of defendants.

The notice does not refer to Rule 113 of the Rules of Civil Practice of the State of New York, but defendants' brief declares on that, and the motion will be so considered.

968

■ The complaint alleges (paragraph fourth) that plaintiff was in the employ of defendant Todd Shipyards Corporation, and in the following paragraph that he was in the employ of Tietjen & Lang Drydock Company.

That in June, 1935, he was working with an air-compressor gun in cleaning the boiler of a ferry-boat in drydock of the second named corporation and suffered deafness by reason of the noise created by the operation of the air gun, due to the defendants' negligence; for the permanent injuries so said to have been occasioned he demands judgment in the sum of $25,-000.00.

The affidavit submitted for defendants on this motion alleges as to the Todd Corporation as follows:

"Furthermore, defendant Tietjen & Lang Drydock Company (a subsidiary of Todd) was the employer of the plaintiff and defendant Todd Shipyards Corporation was an absolute stranger to plaintiff and was in no way involved in the matter."

The foregoing is deemed to be a denial of the fourth paragraph of the complaint, and to call for a counter affidavit of the plaintiff if he seriously contends that in fact he was in the employ of the Todd Corporation.

No such affidavit has been filed, and no good reason is shown why the cause should remain upon the calendar of this court, in the absence of a prima facie showing that there is an issue which requires the taking of testimony on the subject.

The motion as to Todd would seem necessarily to prevail.

As to the Tietjen Company, more needs to be said, since the plaintiff is shown to have been in its employ.

The cause as pleaded falls within the Longshoremen's and Harbor Workers' Compensation Act, title 33 U.S.C. c. 18 (33 U.S.C.A. § 901 et seq.). See section 902, pars. (2) and (4).

By the terms of section 905, the remedy under the statute is exclusive, and the Supreme Court has so described the statute. Crowell v. Benson, 285 U.S. 22, at page 38, 52 S.Ct. 285, 76 L.Ed. 598, and Nogueira v. N. Y., N. H. & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754.

■ The exclusiveness of the remedy cannot be evaded save in a case where an employer fails to secure payment of compensation as provided in the act.

■ Not only does this plaintiff fail to allege such facts to support his cause, but he fails to meet the affirmative proof tendered in the moving affidavit that the Tietjen Company has complied with the applicable statutory requirements.

Instead, he has contented himself by citing cases tending to show that he had a cause of action prior to the enactment of this statute. His alleged cause arose in 1935, but by that time he was remitted to his claim for compensation, in the absence of a showing of non-conformity by his employer to the stated requirements.

Motion granted. Settle order.