## CANTEY v. McLAIN LINE, Inc., et al.

District Court, S. D. New York.

Jan. 3, 1940.

Paul C. Matthews, by Archibald F. McGrath, both of New York City, for libellant.

Macklin, Brown, Lenahan & Speer, by Charles F. Welch, all of New York City, for respondents.

BONDY, District Judge.

The Longshoremen's and Harbor Workers' Compensation Act expressly provides that it shall not apply to "a master or member of a crew of any vessel." 33 U.S.Code § 903, 33 U.S.C.A. § 903; Warner v. Goltra, 293 U.S. 155, 159, 160, 55 S.Ct. 46, 79 L.Ed. 254; see Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 136, 50 S.Ct. 303, 74 L.Ed. 754. Since the liability of the employer provided for by that act is exclusive and in place of all other liability of the employer to the employee, 33 U.S.Code § 905, 33 U.S.C.A. § 905; Nogueira v. New York, N. H. & H. R. Co., 281 U.S. at page 137, 50 S.Ct. at page 306, 74 L.Ed. 754, supra; Crowell v. Benson, 285 U.S. 22, 38, 52 S.Ct. 285, 76 L.Ed. 598, the only question is whether libellant comes within the provisions of the excepting clause.

The duties and status of the libellant, as set fourth in the amended libel, do not differ in any material respect from those of the decedent in Diomede v. Lowe, 2 Cir., 87 F.2d 296, certiorari denied 301 U.S. 682, 57 S.Ct. 783, 81 L.Ed. 1340, who was held to have been a harbor worker and not a master or member of the crew of a vessel. The allegations that the barge upon which libellant worked and the tug which towed it constituted a single unit and that libellant was a member of the crew of the unit do not affect the result. See Diomede v. Lowe, 2 Cir., 87 F.2d at page 298, supra.

It is not material that in the Diomede case the claimant was seeking relief under the Compensation Act while here libellant invokes the provisions of the Merchant Marine Act, 46 U.S.Code § 688, 46 U.S.C.A. § 688. Since the Compensation Act provides an exclusive remedy, the grant of relief under the Compensation Act in the Diomede case requires the denial of relief under the Merchant Marine Act to a person similarly situated.

Unless it is made to appear that respondents have failed to comply with the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.Code sections 905, 932, 33 U.S.C.A. §§ 905, 932, the motion to dismiss the exceptions is denied, and the exceptions are sustained.

Settle order on notice.