**WOOD PRESERVING CORPORATION v. McMANIGAL, Deputy Com'r, U. S. Employees' Compensation Commission.**

No. 47.

District Court, W. D. Kentucky, at Paducah.

June 18, 1941.

Wheeler & Shelbourne, of Paducah, Ky., for plaintiff.

Eli H. Brown, III, U. S. Dist. Atty., and Malcolm Wallace, Asst. U. S. Dist. Atty., both of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiff Wood Preserving Corporation seeks by this action to set aside the order of the Deputy Commissioner of the United States Employees' Compensation Commission entered on January 18, 1940, awarding Robert L. Youngblood compensation for total and permanent disability caused by an injury on May 20, 1938, while in the employ of the plaintiff and engaged in repairing a barge floating in the Ohio River. The award was made under the provisions of the Longshoremen's and Harbor Workers' Compensation Act of 1927. 33 U.S.C.A. §§ 902–950. The present proceeding to set aside the award is in accordance with Section 21 of the Act. 33 U.S.C.A. § 921.

The plaintiff contends that the Deputy Commissioner ignored the provisions of Section 8(f) of the Act which deals with an injury which increases rather than causes disability, that the award is not supported by the evidence, and that the award is based upon facts and evidence not shown by the record.

The law applicable to the present controversy is well settled. The general scheme of the Longshoremen's Compensation Act was to provide compensation to employees engaged in maritime employment for disability or death resulting from injury occurring upon navigable waters of the United States, where recovery through Workmen's Compensation proceedings might not validly be provided by state law. Nogueira v. New York, N. H., & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754. Its provisions are to be liberally construed in favor of injured employees or their dependent families. Baltimore & Philadelphia Steamboat Co. v. Norton et al., 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366. The award of the Deputy Commissioner can be suspended or set aside by the District Court if not in accordance with law, but his findings as to questions of fact with respect to injuries to an employee within the purview of the Act are final, if supported by evidence and within the scope of his authority. Section 21(b) of the Act, 33 U.S.C.A. § 921(b); Crowell v. Benson, 285 U.S. 22, 44–46, 52 S.Ct. 285, 76 L.Ed. 598.

Section 8 of the Act deals with compensation for disability of various kinds, including permanent, temporary, total and partial. Section 8(f) provides that if an employee receive an injury which of itself would only cause permanent partial disability but which, combined with a previous disability, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury. The plaintiff contends that the Deputy Commissioner's award ignored this Section of the Act in holding that the injury on May 20, 1938, caused permanent total disability. It claims that the evidence conclusively shows that partial disability existed before the accident, and that the award should accordingly be reduced. The evidence shows that prior to the injury to claimant's neck and chest on May 20, 1938, there was an existing arthritis condition and that Youngblood had Parkinson's Disease to some extent. However, the evidence fails to show any existing disability by reason of this physical condition. It is no doubt true that the injury on May 20, 1938, aggravated this condition, and

finally resulted in the disability found by the Deputy Commissioner to exist. But it appears well settled by decisions construing the Act that the aggravation of a pre-existing disease so as to result in disability is an "injury" within the meaning of the Act entitling the employee to compensation. Hoage v. Employers' Liability Assurance Corp., 62 App.D.C. 77, 64 F.2d 715; Baltimore & O. R. R. Co. v. Clark, 4 Cir., 59 F.2d 595; Grain Handling Co. v. Sweeney (McManigal), 2 Cir., 102 F.2d 464; New Amsterdam Casualty Co. v. Cardillo, 71 App.D.C. 172, 108 F.2d 492. Accordingly, the case is not governed by Section 8(f) of the Act and it was not error on the part of the Deputy Commissioner in refusing to apply that provision of the law.

■ The evidence in the record supports the Deputy Commissioner's finding that the injury caused permanent and total disability. Plaintiff relies strongly upon the testimony of Dr. Warren Sights who examined the injured man, and who testified that he was disabled to an extent of less than 25%. However, Dr. R. W. Robertson's opinion was that Youngblood had Parkinson's Disease which was aggravated by the injury, and that he was permanently and totally disabled to do any kind of work. Accordingly, the medical testimony would support a finding either way. The Deputy Commissioner's award is further supported by the testimony of fellow workmen and by Youngblood's own testimony that he was unable to do any work even of the lightest character after September 15, 1939. It has been held that the Commissioner is not bound by expert testimony from the medical profession, even if uncontradicted, where the facts as disclosed from other witnesses contradict such testimony. See Jarka Corp. v. Norton, D.C., 56 F.2d 287. Accordingly, the Deputy Commissioner's finding that the accident caused permanent and total disability can not be set aside in this proceeding. See Crowell v. Benson, supra.

■ Plaintiff also contends that the Deputy Commissioner's award is based upon evidence not contained in the record, and obtained by an ex parte hearing which prevents the proceeding from being one with due process of law. The Supreme Court held in Crowell v. Benson, supra,

285 U.S. at page 48, 52 S.Ct. 285, 76 L.Ed. 598, that the Deputy Commissioner's award can not be based upon an ex parte investigation, but must be supported by the evidence in the record, and that facts known to the Deputy Commissioner but not put in the evidence so as to permit scrutiny or contest will not support the compensation order. The record shows that a hearing was held at Paducah on August 15, 1939, following which hearing Youngblood was instructed to report for work during a trial period and the hearing was continued to a later time. Youngblood was unable to do any work after September 15, 1939, and the Deputy Commissioner thereafter closed the case and made his award on January 18, 1940. Plaintiff contends that claimant failed to make a case at the hearing on August 15, 1939, and that his claim should have been accordingly dismissed. Section 19(c) of the Act requires that the Deputy Commissioner make or cause to be made such investigations as he considers necessary in respect to any claim which has been filed, and upon application of any interested party hold a hearing thereon. It would be a very strict and strained construction of the Act, and most inconsistent with the established rule of liberal construction as pointed out hereinabove, to hold that such investigation and such hearing must be completed at one sitting, or that there was no authority to investigate by means of a trial period during which the hearing would be suspended. In my opinion the action of the Deputy Commissioner in this respect is authorized by the statute and should be approved. It does not appear that the Deputy Commissioner's subsequent award is based upon evidence not contained in the record. The results of the trial period are given through the statements of Dr. Sights, Dr. Robertson and Youngblood himself, following the attempt of Youngblood to resume work, and these statements are made a part of the record. It is stipulated by the parties that these statements were submitted to the Deputy Commissioner and were considered by him in making his award. The record does not show that he considered anything else. It appears entirely sufficient, standing by itself, to sustain the Deputy Commissioner's award.

The defendant's motion to dismiss the petition is accordingly sustained.