## PACIFIC EMPLOYERS INS. CO. et al. v. PILLSBURY, Deputy Commissioner.

### No. 23434.

District Court, N. D. California, S. D.

July 10, 1941.

W. N. Mullen, of San Francisco, Cal., for libelants.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ROCHE, District Judge.

This is an appeal from a ruling of the Deputy Commissioner, who held that an injured worker on board the S. S. "Crocket" was entitled to a compensation award under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. Libelants challenge the ruling of the Commissioner by means of a libel in personam to enjoin the compensation order and award. The parties to the libel have submitted the entire record of the proceedings before the Commissioner as the evidence upon which the Court will base its decision.

Claimant below, in the course of his employment on board the S. S. "Crocket", injured his foot while trucking sugar. He applied to the Deputy Commissioner for relief. The question then arose as to whether the claimant should be classified as a member of the crew, and hence within the jurisdiction of the Jones Act, or as a longshoreman, and therefore within the jurisdiction of the Longshoremen's and Harbor Workers' Compensation Act. The Commissioner determined that claimant came within the provisions of the latter Act, and made the award which libelants seek to enjoin.

Libelants contend that the facts do not sustain the position of the Deputy Commissioner, as a matter of law. They allege that he was in error in finding that claimant was not a member of the crew within the meaning of Section 3(a) (1) of the Act, which reads in part as follows:

"* * * No compensation shall be payable in respect of the disability or death of—

"(1) A master or member of a crew of any vessel * * *."—33 U.S.C. § 903(a) (1), 33 U.S.C.A. § 903(a) (1).

What are the specific facts established by the record, and upon which the Commissioner made his findings and based his award?

Claimant resided at San Francisco, California. He worked on the S. S. "Crocket", loading and unloading it at different points on San Francisco Bay, five days a week. The vessel was used only for cargo movement and was not a sea-

674

going vessel. Claimant ate and slept on the vessel during the five-day week. He worked as a deck-hand in loading and unloading operations during most of his time on board. To a slight extent he handled lines in tieing and untieing the ship. He did a little painting and other maintenance work when not otherwise engaged while the vessel was tied up. He had no duties to perform while the vessel was in motion and had no duties referable to its navigation. He was carried principally to help load and unload at stops on the bay. He did not perform any service appropriate to the duties of the licensed officers or crew required by the Government certificate of inspection which he carried.

The record further discloses that claimant was one of a group of from twenty-five to forty longshoremen or deckhands who were employed for loading and unloading work at stops on the bay. In addition to these men, who slept and ate on board together with claimant, the ship carried a full crew, including a captain, a mate, and engineers, whose duty it was to navigate the boat.

Based on the facts set forth in the two preceding paragraphs, the Deputy Commissioner held that the claimant was essentially a harbor worker and longshoreman, and not a member of the crew of a vessel, as this term is used in the Longshoremen's and Harbor Workers' Compensation Act.

The sole question presented to the Court in this libel, which seeks to enjoin the enforcement of the compensation award, is as follows: Does the evidence in the record support the findings of the Deputy Commissioner, that claimant was properly within the jurisdiction of the Longshoremen's and Harbor Workers' Compensation Act?

The facts, as set out above, are substantiated by the record. In accordance with these facts, the Commissioner concluded that claimant was not a member of the crew of the S. S. "Crocket". Is this a correct application of the law?

The ruling of the Supreme Court in the case of South Chicago Co. v. Bassett, 1940, 309 U.S. 251, 60 S.Ct. 544, 549, 84 L.Ed. 732, would appear to warrant the conclusion of the Deputy Commissioner. In discussing the meaning of the term "crew" as used in the Longshoremen's and Harbor Workers' Compensation Act, the Court laid down what may be called a "duties" test. In ascertaining whether or not a man is a member of the crew of a vessel, the court must find out what his duties are. Thus, the Supreme Court declared:

"The question concerns his actual duties. These duties, as the Court of Appeals said, did not pertain to navigation, aside from the incidental task of throwing the ship's rope or making the boat fast, a service of the sort which could readily be performed or aided by a harbor worker. What the court considered as supporting the finding of the deputy commissioner was that the primary duty of the decedent was to facilitate the flow of coal to the vessel being fueled, that he had no duties while the boat was in motion, that he slept at home and boarded off ship and was called each day as he was wanted, and was paid an hourly wage."

If this test is applied in the case at bar, it is apparent that claimant was not a member of the crew. His chief duty was to load and unload sugar. Moreover, he did not work while the boat was in motion. It is true that he ate and slept on board the S. S. "Crocket" during five days of each week, together with his fellow longshoremen or deck-hands, and received monthly wages; but these secondary conditions of employment do not offset the primary purpose of his contract of hire, which was to load and unload cargo. Under the "duties" test, claimant was not a member of the crew.

The Court is aware of the recent ruling in Cantey v. McLain Line, Inc., D.C. 1940, 32 F.Supp. 1023, in which the Supreme Court granted certiorari and reversed the lower courts, 61 S.Ct. 829, 85 L.Ed. ——, and the decision in Maryland Casualty Co. v. Lawson, 5 Cir., 1938, 94 F.2d 190, but it believes that both of these cases are distinguishable from the case at bar. It is not prepared to state that the findings of the Deputy Commissioner are not supported by evidence.

Therefore, the compensation award will be affirmed, the motion for an interlocutory injunction will be denied, and the libel will be dismissed upon preparation of findings of fact and conclusions of law. Each side will pay its own costs.