**TEMPERANCE RIVER CO. et al. v.
LEGARDE et al.**

No. 609.

District Court, D. Minnesota,
Fifth Division.

April 15, 1946.

Ray G. Palmer and Hunt, Palmer & Hood, all of Duluth, Minn., for plaintiffs.

John H. Louisell, of Duluth, Minn., for defendant Frank LeGarde.

Victor E. Anderson, U. S. Atty., and Clifford F. Hansen, Asst. U. S. Atty., both of St. Paul, Minn., for defendant Leonard C. Brown, Deputy Com'r, etc.

DONOVAN, District Judge.

Plaintiffs, by appropriate proceedings, seek review of findings of fact and award of compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act of 1927, 33 U.S.C.A. §§ 902–950 made by defendant Leonard C. Brown, Deputy Commissioner of the Tenth Compensation District of the United States Employees' Compensation Commission, and ask that enforcement of said award in favor of defendant Frank LeGarde be enjoined by issuance of (1) a temporary injunction and order restraining defendant Leonard C. Brown, until the final hearing of this cause, from committing those acts sought to be permanently restrained in (2) (a), (b) and (c) hereof; and (2) (a) a permanent injunction restraining the enforcement of said award, (b) a mandatory injunction directing said defendant Leonard C. Brown to set aside said findings and award and to dismiss and disallow the claim for compensation, and (c) an interlocutory injunction restraining said defendant Leonard C. Brown from enforcing said award of compensation or imposing any penalty upon plaintiffs.

Defendant Leonard C. Brown, Deputy Commissioner of the Tenth Compensation District of the United States Employees' Compensation Commission, moved for a dismissal on the following grounds: (1) the complaint does not state a cause of action; (2) the findings of said Deputy Commissioner are supported by the evidence; (3) the award is in accordance with the law and not subject to judicial review.

The "Transcript of Testimony" and exhibits attached thereto, furnished by plaintiffs in this proceeding, constitute the record and basis for the award of compensation.

Defendant Frank LeGarde, hereinafter referred to as the employee, met with an accident arising out of and during the course of his employment by plaintiff Temperance River Company, hereinafter referred to as the employer, and which accident caused the loss of all that remained of vision in his left eye for industrial purposes.

The transcript discloses that the employee had been engaged in work as a lumberjack in and about the woods of northern Minnesota for many years prior to June 19, 1944, which can be summarized by a quotation from his testimony before the Deputy Commissioner as follows: "I worked in the woods using an ax before I got hurt, I drove team, used cant hook, loading sleighs in the winter time, I drove on the river in the spring of the year when they used to drive on the Pigeon. * * * in 1942, or maybe * * * 1943, * * * when I was able to see a little bit. I drove a team, used an ax, cleared the road where I drove my horses to skid logs, * * * shoeing my horses."

In June, 1944, the employee commenced work for employer, which work the employee described as "taking care of the boom sticks". This required the employee to throw a pole with a metal spear on the striking end into one of the logs of the boom and by means of the pole, pull in the slack of the boom. The slack would be caused by the loading of the boat with the logs enclosed in the boom.

A fellow workman of the employee caused the accident while using a pole similar to that last described, and manipulating it in such a manner as to strike the employee's left eye with the handle end of the pole, as employee stood near him and about four or five feet away.

The employee met with the accident at about two o'clock a. m. on June 19, 1944, and was first attended for the injury to the left eye by Dr. W. R. Smith at 3:30 p. m. on the following day. The condition he observed is described as follows: "Left eye, corneal hemorrhage. Had iridectomy in left eye about 7 years ago. Vision in rt. eye now is 20/200 and can just see light in left eye. * * * eyes bad before injury. * * * iridectomy 7 years ago for cataracts, I believe. * * * injured person will be able to resume his usual work 6/26/44".

Testifying before the Deputy Commissioner, Dr. Smith said: "I wrote corneal hemorrhage on my record, it should have been scleral".

The loss of vision in the right eye of the employee occurred in childhood. For present purposes it may be assumed the employee was industrially blind in his right eye long prior to the accident here met with.

It also appears from Dr. Smith's testimony that he examined the employee's eyes for C. C. C. employment some time between 1936 and 1940, and the employee's visual rating, or visual acuity was recalled to be, left eye "15/200th. * * * His right eye was running about the same, he was running from 10 to 15/200ths down to 5/200ths".

The poor vision in the left eye prior to the accident the employee attributes to snow blindness which perhaps occurred in or about the spring of 1936 or 1937. For this condition the employee was attended by a Dr. Crawford C. McCullough, who performed the iridectomy described in the testimony of Dr. Smith.

Plaintiffs contend the employee's right eye was industrially blind since childhood and that prior to the injury to the left eye "claimant employee * * * had a total loss of vision in the left eye".

With the employee industrially blind in the right eye due to a childhood mishap and accepted by and performing work for the employer with 15/200th vision in the left eye up to the time of the accident, causing loss of that remaining vision, does the Act here governing warrant the findings and award of the Deputy Commissioner, challenged by plaintiffs in this proceeding?

It is elementary that the provisions of the Longshoremen's Compensation Act must be liberally construed in favor of the

injured employee. Nogueira v. New York, New Haven & Hartford R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754; Wood Preserving Corporation v. McManigal, Deputy Com'r, D.C. 39 F.Supp. 177.

The District Court here reviewing the award of the Deputy Commissioner is limited to a determination as to whether or not the award is in accord with the law applicable. His findings of fact are final if supported by the evidence.

Every workman brings with him to his employment such infirmities as he may be afflicted with. The employee offers himself to his employer as he is, and the likelihood of disability that may be almost totally attributed to an existing infirmity will none the less be compensable if aggravation of a pre-existing condition resulting in disability is an "injury" within the meaning of the Act.

With the sight of one eye previously lost, an accident arising out of employment and causing the loss of sight in the remaining eye is compensable as for total disability. Killisnoo Packing Co. v. Scott, 9 Cir., 14 F.2d 86.

The Court has given much thought to the able brief of counsel for plaintiffs, particularly with reference to a proper interpretation of section 908 (a) and (c) (18), 33 U.S.C.A., which, for our purposes here, provides as follows:

(a) "Loss of * * * both eyes * * * shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts.

* * * * * *

(c) (18) "Total loss of use: Compensation for permanent total loss of use of a member shall be the same as for loss of the member."

Plaintiffs find support in some of the cases suggesting that the employer is required in the case at bar to pay for disability attributed to an accident not occurring in his employment.

The employee has made an earnest effort to work since the occurrence of the accident, doing things of a like nature, but under different circumstances. He worked on "a stationary dock rather than a floating" dock such as he was standing on when the accident occurred. "It is a matter of common knowledge that many men work in the stress of circumstances when they should not work at all." United States v. Lawson, 9 Cir., 50 F.2d 646, 651.

If the Court should substitute itself for the Deputy Commissioner and suggest findings of disability somewhat less than here found, such action would constitute an invasion of the exclusive prerogative of the trier of the facts.

In National Homeopathic Hospital Ass'n of District of Columbia et al. v. Britton, Deputy Com'r, 79 U.S.App.D.C. 309, 147 F. 2d 561, at page 564, the Court said: "* * * the employer must, in general, compensate the workman for the consequences of an accident although his previous defects cooperated in producing them. Section 908 (f) creates an exception to that general principle. It should therefore be construed narrowly."

The Deputy Commissioner could choose between the testimony of the employee and those who opposed him. He was not bound to accept the testimony of Dr. Smith and follow it blindly. The employee could perform the tasks required of him by the employer before the accident. The Deputy Commissioner could accept the employee's testimony establishing what he finds to be "total blindness" which "permanently and totally disabled" the employee. Case et al. v. Pillsbury, Deputy Com'r, et al., 9 Cir., 148 F.2d 392.

There is much to be said in support of the points so ably presented by plaintiffs during oral argument. The employee was very close to industrial blindness before the accident. However, he could see well enough to perform his work efficiently before the accident happened.

The reasoning used and the conclusion reached by the Court in National Homeopathic Hospital Ass'n of the District of Columbia et al. v. Britton, Deputy Com'r, supra, is inferentially approved by refusal of the United States Supreme Court to grant certiorari, 325 U.S. 857, 65 S.Ct. 1185, and seems to control and apply to the present case.

The relief prayed for by plaintiffs is denied.

The motion of the defendant Leonard C. Brown, Deputy Commissioner, to dismiss the action will be granted, and a decree may be entered in favor of the defendants.