**GREENE LINE STEAMERS, Inc. et al. v. McMANIGAL, Deputy Commissioner et al.**

Civ. A. No. 1308.

United States District Court
W. D. Kentucky, at Louisville.

Sept. 2, 1949.

Davis, Boehl, Viser & Marcus, Louisville, Kentucky, attorneys for plaintiffs.

David C. Walls, United States Attorney, Louisville, Kentucky, Matthew O. Henchey, Assistant United States Attorney, Louisville, Kentucky, attorneys for defendants.

SHELBOURNE, Chief Judge.

Under authority of section 921 et seq., 33 U.S.C.A., the plaintiffs, Greene Line Steamers, Inc., and New Amsterdam Casualty Company, filed this action to set aside and enjoin the enforcement of two orders of K. G. McManigal, Deputy Commissioner, Ninth Compensation District, Bureau of Employees' Compensation Federal Security Agency.

Also made defendants are Roy Garrett and Hazel Garrett, Father and Mother of Max Ralph Garrett, an employee on the Steamer Chris Greene, on account of whose death the Deputy Commissioner made an award of $200 for burial expenses in favor of the employee's parents who had paid the burial expenses and an award of $1,000 payable to the Treasurer of the United States, deposited to the account of the special fund established by Section 44(c) (1) of the Longshoremen's and Harbor Workers' Compensation Act.

New Amsterdam Casualty Company, is the insurance carrier of the compensation liability of the Greene Line Steamers, Inc.

The Deputy Commissioner has filed a motion to dismiss the complaint to review and set aside the orders.

In substance, the complaint alleges that the orders in question should be set aside, because they are without evidence to support them and are not in accordance with the law and specifically that there is no evidence of the existence of an employer-

employee relationship between Max Ralph Garrett and the Greene Line Steamers and no evidence that deceased was an employee within the meaning of the Longshoremen's and Harbor Workers' Compensation Act at the time of his death and no evidence of an accidental injury to the deceased arising out of and in the course of his employment and no evidence showing the casual relationship between the death of the deceased and an accidental injury arising out of and in the course of his employment.

It is sought to enjoin the enforcement of the awards and mandatorily to require the Deputy Commissioner to set aside the findings of fact and the respective awards.

The grounds alleged in support of the motion of defendants to dismiss the complaint are—.

1. Rights, remedies and procedure under the Act are governed exclusively by Statute and the powers to be exercised are those only which are expressly conferred by the Act.

2. The findings of fact of the Deputy Commissioner are based upon evidence and should be regarded as final and conclusive and are not subject to judicial review.

3. Logical deductions and inferences drawn by the Deputy Commissioner should be considered here as established facts and are not judicially reviewable.

Testimony in the case is by Captain Morris E. White, Captain of the Chris Greene.

From the testimony, it is undisputed that deceased was hired by the Captain of the boat at Louisville. Kentucky, about January 1, 1945, and that under the employment it was deceased's duty to assist in loading and unloading freight at Louisville and Cincinnati, but he had no duties with respect to the navigation of the boat or while the boat was en route between its termini.

Deceased was paid $3 per day and furnished his board and living quarters on the boat. En route from Louisville to Cincinnati throughout the night of January 12, 1945, deceased became ill and was unable to work on Saturday January 13th while the boat was in Cincinnati. He declined an offer of medical services saying that he preferred to return to Louisville, where he would enter a hospital if necessary.

Saturday January 13th, began a new work week and it appears that deceased's name was not placed on the payroll for that week.

En route from Cincinnati to Louisville and at a point near Madison, Indiana, deceased disappeared from the boat about one A.M. Sunday morning. Afterwards, a body was recovered from the river, which the Captain determined was that of Garrett.

By stipulation, the parties filed transcript of the proceedings and testimony had before the Deputy Commissioner.

The Deputy Commissioner specifically found it was the duty of the employer to return the deceased employee to the port where he had been employed and specifically found that the death of the employee arose out of and in the course of his employment.

In the case of Cardillo v. Liberty Mutual Insurance Company, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028, the employee was killed while driving his personal automobile from his place of employment in Virginia to Washington, D. C.

The contract of employment provided the employee would be furnished transportation between his residence in Washington D. C. and his place of work in Virginia. The parties had agreed that the employer would pay the employee $2 per day for which the employee would drive his personal car to and from work. He was killed enroute between his home and place of work.

The Court held the employee was killed by accidental means while the contract of employment was in force and was entitled to compensation under the Compensation Act of the District of Columbia, which Act adopts in toto the provisions of 33 U.S.C.A. § 921 et seq. D.C.Code 1940, §§ 36—501, 36—502, 33 U.S.C.A. § 901 note.

In view of the fact that the Greene Line Steamers was obligated to furnish transportation to the deceased from Cincinnati to Louisville, the contract of employment was in full force at the time deceased was drowned.

Captain White stated that he had not laid Garrett off—that if Garrett had been able to work upon arrival of the Chris Greene at Louisville, he could have resumed his unloading of freight.

■ The conclusion of the Deputy Commissioner that deceased met his death by drowning cannot be set aside as a finding of fact merely because there is room for difference of opinion. Fact weighing is one of the duties of the Deputy Commissioner and not of the reviewing court.

In Wood Preserving Corp. v. McManigal et al. D.C., 39 F.Supp. 177, 178, Circuit Judge Miller (then Judge of this Court) stated the rule on review in cases under the Longshoremen's and Harbor Act, saying—

"The award of the Deputy Commissioner can be suspended or set aside by the District Court if not in accordance with law, but his findings as to questions of fact with respect to injuries to an employee within the purview of the Act are final, if supported by evidence and within the scope of his authority."

In the case of Portland Stevedoring Company v. Wegener, 9 Cir., 162 F.2d 830, 831, the Court said—

"There can be no doubt that in a case disclosing the facts here involved, the Longshoremen's and Harbor Workers' Conpensation Act, 33 U.S.C.A. § 901 et seq., contemplates that as to all questions of fact the findings of the Deputy Commissioner, supported by evidence and within the scope of his authority shall be final. * * * This rule as to the finality of findings of fact applies where there is any evidence warranting inferences supporting them."

In the case of Liberty Mutual Insurance Company v. Gray, 9 Cir., 137 F.2d 926, 928, the Court said –

"The district court was not entitled to weigh the evidence to make its choice of these two possible inferences from the testimony. This was the function of the Deputy Commissioner."

Similar construction has been given by the Court of Appeals of Kentucky, to the provisions of the State Compensation Act relating to accidents arising out of the course of employment.

In the case of Turner Day & Woolworth Handle Company v. Pennington, 250 Ky. 433, 63 S.W.2d 490, the injury was held compensable though received by an employee while driving his personal car from his place of work to his home. Also in the case of Standard Oil Company v. Witt, 283 Ky. 327, 141 S.W.2d 271, where the employee was fatally burned by fire at a hotel where he was remaining over the week end waiting to resume work on the following Monday.

Motion to dismiss is sustained and an order to that effect will be tendered by Counsel for defendants on notice to Counsel for plaintiffs.