**Mrs. Gladys NOAH, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

Civ. A. 7438.

United States District Court
E. D. Louisiana,
New Orleans Division.

May 26, 1958.

Leo L. Dubourg, New Orleans, La., for plaintiff.

Jones, Walker, Waechter, Poitevent & Denegre, Patrick W. Browne, Jr., New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

Plaintiff's son, a longshoreman employed by United Stevedoring Company, met his death by drowning when he fell from a barge in the Mississippi River while engaged in loading pig iron from the barge onto the SS Longview Victory. Plaintiff filed claim under Louisiana Workmen's Compensation Act[1] and the defendant insurer has moved to dismiss on the ground that her exclusive remedy is under the Longshoremen's and Harbor Workers' Act.[2]

Plaintiff, relying on the twilight zone doctrine as announced in Davis v. De-

1. LSA–R.S. 23:1021 et seq.

2. 33 U.S.C.A. § 901 et seq.

partment of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246; Bethlehem Steel Co. v. Moores, 335 U.S. 874, 69 S.Ct. 239, 93 L.Ed. 417, and Baskin v. Industrial Accident Commission, 338 U.S. 854, 70 S.Ct. 99, 94 L.Ed. 523, asserts that her claim is properly laid under the state act for the reason that the Louisiana State Compensation Act specifically covers loading and unloading operations on vessels [3] and the appellate court of the state has specifically held that a longshoreman's claim for compensation is covered by the state act.[4] Plaintiff also relies on the provision of the Longshoremen's and Harbor Workers' Act which provides coverage thereunder only if "recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law." 33 U.S.C.A. § 903 (a).

The confusion, in the jurisprudence concerning the status of harbor workers, wrought by the ill-starred Jensen case,[5] has been cited too many times to bear repeating here. There the Supreme Court, zealously protecting the rights of the employer, denied recovery under the state workmen's compensation statute to a longshoreman because " * * * his employment was a maritime contract; the injuries which he received were likewise maritime; and the rights and liabilities of the parties in connection therewith were matters clearly within the admiralty jurisdiction." Southern Pacific Co. v. Jensen, supra, 244 U.S. at page 217, 37 S.Ct. at page 529. To apply state compensation statutes in this area would work "material prejudice to the characteristic features of the general maritime law" and interfere "with the proper harmony and uniformity of that law." Southern Pacific Co. v. Jensen, supra, 244 U.S. at page 216, 37 S.Ct. at page 529.

Even when Congress sought to rectify the effect of this unhappy decision by. specifically making state compensation acts applicable to waterfront workers, the obdurate court declared these efforts unconstitutional by imposing a uniformity test to protect "the integrity of the admiralty law." See State of Washington v. W. C. Dawson & Co., 264 U.S. 219, 44 S.Ct. 302, 68 L.Ed. 646, and Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834. Congress then passed its own compensation statute and specifically provided therein that it would begin only where state compensation laws ended. 33 U.S.C.A. § 903(a). It limited coverage to the accidents over water, 33 U.S.C.A. § 903(a), and fixed liability for compensation on employers whose employees are "in maritime employment, in whole or in part, upon the navigable waters of the United States." 33 U.S.C.A. § 902(4), § 904(a).

In placing these limitations on coverage under the Act, Congress "accepted the Jensen line of demarcation between state and federal jurisdiction." Davis v. Department of Labor, supra, 317 U.S. at page 256, 63 S.Ct. at page 229.[6] Consequently, if the accident is over water and involves the employee of a maritime employer, the application of state law to such accidents would be unconstitutional in that such application would interfere "with the proper harmony and uniformity" of the admiralty. Davis v. Department of Labor, supra, 317 U.S. at page 252, 63 S.Ct. at page 227; Southern Pacific Co. v. Jensen, supra. In such circumstances, compensation under the Longshoremen's and Harbor Workers' Compensation Act is the exclusive remedy. 33 U.S.C.A. § 905; see Nogueira v. New York, New Haven & Hartford R. Co., 281 U.S. 128, 137, 50 S.Ct. 303, 74 L.Ed. 754.

---

3. LSA–R.S. 23:1035.

4. Richard v. Lake Charles Stevedores, La. App., 95 So.2d 830; see also Beadle v. Massachusetts Bonding & Insurance Co., La.App., 87 So.2d 339.

5. Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086.

6. See also Pennsylvania R. Co. v. O'Rourke, 344 U.S. 334, 338, 73 S.Ct. 302, 97 L.Ed. 367.

■ The twilight zone doctrine arose from inability on the part of industry, as well as the courts, to apply these coverage restrictions with any degree of assurance to operations which, while maritime in nature, are nevertheless of local concern. Davis v. Department of Labor, supra, 317 U.S. at page 253, 63 S.Ct. at page 227. The place of accident test is simple enough. The accident either did or did not occur over water. But the nature of employment test presents much greater difficulty. It is in this shadowy area where the twilight zone appears. For example, does an employee injured over water while building a bridge satisfy the maritime employment requirement of the Act? See Davis v. Department of Labor, supra. Does an iron worker hurt on one of his infrequent trips aboard vessels for his employer meet the requirements of the Act? See Bethlehem Steel Co. v. Moores, supra. Is a shipyard worker covered in the event he goes aboard an unfinished vessel? See Baskin v. Industrial Accident Commission, supra. There are many other employment situations, neither black nor white, which make up this shadowy area of the twilight zone which the Supreme Court sought to enlighten in Davis and its progeny. In effect, in this area the Supreme Court has given the employee an election. He may proceed under either the state or federal compensation acts, or in some cases under the Jones Act,[7] without interfering "with the proper harmony and uniformity" of the maritime law.

■ The case at bar, however, falls outside the twilight zone. It presents the precise situation rejected in Southern Pacific Co. v. Jensen,[8] supra, for state act coverage on constitutional grounds. Since Congress, in passing the Longshoremen's and Harbor Workers' Compensation Act, accepted the Jensen line, it intended that that legislation provide the exclusive remedy for this case and others similar to Jensen.

The twilight zone cases relied on by plaintiff here all present questions of coverage based on the maritime employment test set up in 33 U.S.C.A. § 904(a) as illumined by the definition of employer in 33 U.S.C.A. § 902(4). In Davis, supra, the employer was the Manson Construction and Engineering Company. In Bethlehem Steel Co. v. Moores, supra, the employer was Bethlehem Steel Company, a self-insurer, and in Baskin v. Industrial Accident Commission, supra, the employer was the Kaiser Company, operator of a shipyard in which the petitioner in compensation was a materialman. The operations of these employers, while maritime in part, were nevertheless primarily of local concern. All of these cases, therefore, presented questions of coverage under the Longshoremen's and Harbor Workers' Act. In each there was a question as to whether or not the employer's employees were "employed in maritime employment." 33 U.S.C.A. § 902(4), § 904(a).

Here we have no such problem. The accident occurred over water, the employer was a stevedore and the decedent was a longshoreman, both unquestioned maritime employments. To apply state law in these circumstances would work "material prejudice to the characteristic features of the general maritime law." Southern Pacific Co. v. Jensen, supra, 244 U.S. at page 216, 37 S.Ct. at page 529; Davis v. Department of Labor, supra, 317 U.S. at page 253, 63 S.Ct. at page 227. This is precisely the situation which required the passage of the Longshoremen's and Harbor Workers' Act. Pennsylvania R. Co. v. O'Rourke, supra, 344 U.S. at page 337, 73 S.Ct. at page 304. To find it inapplicable here would be to read it out of the statute book altogether.

Plaintiff here was given an opportunity by this court to repair to the Bureau of Employees' Compensation, U. S. Department of Labor, there to file her claim under the Longshoremen's and Harbor

---

7. 46 U.S.C.A. § 688. See Millers' Indemnity Underwriters v. Braud, 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470; Maryland Casualty Co. v. Toups, 5 Cir., 172 F.2d 542.

8. Like decedent here, Jensen was a longshoreman who was killed while working aboard an ocean-going vessel.

Workers' Act. This proceeding was to be held open, but stayed, to relieve against the necessity of refiling under the state workmen's compensation act in the unlikely event that jurisdiction was denied under the Longshoremen's and Harbor Workers' Act. Plaintiff has declined to accept the invitation of this court and has elected to seek her remedy by appeal. So it be.

Judgment for defendant.