**Barry MILLER and William Boone, Plaintiffs,**

**v.**

**UNITED STATES of America and Newport News Shipbuilding and Dry Dock Company and Tenneco, Inc., Defendants.**

**Thomas Edward DRAUGHN, Plaintiff,**

**v.**

**UNITED STATES of America and Newport News Shipbuilding and Dry Dock Company and Tenneco, Inc., Defendants.**

**Civ. A. Nos. 4–69, 16–69.**

United States District Court
E. D. Virginia,
Newport News Division.

Nov. 26, 1969.

Ellenson & Fox, Newport News, Va., for plaintiffs.

U. S. Atty., Alexandria, Va., and Norfolk, Va., and Hall Baetz, Atty., Admiralty and Shipping Section, Dept. of Justice, Washington, D. C., for the United States.

William McL. Ferguson, Newport News, Va., for Newport News Shipbuilding and Tenneco, Inc.

## OPINION AND ORDER

KELLAM, District Judge.

Plaintiffs were employed in the Installation Division, Painters' Department of Newport News Shipbuilding and Dry Dock Company (Shipyard) performing services on the Carrier JOHN F. KENNEDY. While so employed, they were injured when an elevator descended or fell on them. Suits were filed against the Shipyard, Tenneco, Inc., and the United States. The Shipyard moves to dismiss for lack of jurisdiction and for summary judgment; Tenneco moved to dismiss for failure to state a claim; and United States moves for partial summary judg-

ment. By order entered July 17, 1969, which plaintiffs did not oppose, the action was dismissed as to Tenneco.

Plaintiffs concede the motions of the United States and the Shipyard for summary judgment on the alleged breach of warranty of seaworthiness should be granted, leaving the action of negligence against the United States and the Shipyard. The motion before the Court at this time is whether or not the Shipyard is entitled to a dismissal "for lack of jurisdiction."

The Shipyard says that plaintiffs' actions are barred by Section 5 (33 United States Code Annotated, Section 905), of the Longshoremen's and Harbor Workers' Act. That section provides that "the liability of an employer prescribed in Section 4 shall be exclusive and in place of all other liability of such employer to the employee, etc." Section 933(i) of Title 33 provides that the "right to compensation or benefits under this Act shall be the exclusive remedy to an employee when he is injured * * * by the negligence or wrong of any other person or persons in the same employ." Nogueira v. New York, New Haven and Hartford R. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754; Pennsylvania R. R. Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367; Rogers v. M/V Ralph Bollinger, 279 F.Supp. 92 (D.C.1968); Jefferson v. SS Bonny Tide, 281 F.Supp. 884 (D.C.1968); Alfred v. M/V Margaret Lykes, 398 F.2d 684 (1968). See also Seas Shipping Company v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Ryan Stevedoring Company, Inc. v. Pan-Atlantic SS Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133.

Plaintiffs say that they are not suing their employer. They say the negligence alleged against the Shipyard is for faulty design as a result of the work of the Design Division of the Shipyard and that plaintiffs were employed in the Installation Division, Painters' Department, of the Shipyard; that while the Shipyard owns and/or operates each of the Divisions, the Divisions are separate and distinct, have separate heads and are in fact entire separate entities. Plaintiffs assert that in keeping with the decisions of Reed v. SS Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, and Jackson v. Lykes SS Company, 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488, that the provisions of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. Section 905, etc.) do not limit their right to sue the Shipyard because the abovementioned departments are separate and distinct entities.

It is undisputed the Design and Installation Divisions and each other part of the Shipyard are subject to the same President and Board of Directors. Each plaintiff knew when he accepted employment and accepted the benefits of the abovementioned Act that as to the Shipyard the benefits under the Act were his exclusive remedy. The mere fact the Shipyard is of great proportions and size is of no consequence. Nowhere does the Act make its terms applicable to small employers and not to large ones. One may as well say that in a small automobile garage employing 30 people, 5 of whom are employed exclusively in a paint department, that these 5 employees do not have the same employer as those doing the general work of the garage; or one might say that a soldier serving in the Third United States Army injured by the negligence of a soldier serving in the First United States Army has a right of action against the United States through the First Army because the Third Army is a complete separate entity from the First Army and the fact that the United States is the master of each is of no consequence.

I am of the opinion plaintiffs' rights of action against the Shipyard are limited by the provisions of the Longshoremen's and Harbor Workers' Compensation Act. The motion is sustained, and the action dismissed as to the Shipyard.