COPE and others *v.* VALLETTE DRY-DOCK CO.*

*(Circuit Court, E. D. Louisiana.   June, 1883.)*

**1. SALVAGE—MARITIME SERVICE.**

A service is not necessarily a maritime service because rendered upon the high seas or a navigable river; it must have some relation to commerce or navigation; some connection with a vessel employed in trade,—with her equipment, her preservation, or the preservation of her crew.

*Thackeray* v. *The Farmer,* Gilp. 524.

**2. SAME—DRY-DOCK.**

A dry-dock which had remained securely and permanently moored to the bank for a period of 14 years, was not a subject for salvage services; it partook more of the nature of a fixture attached to the realty, than of a boat or ship.

Admiralty Appeal.   [See S. C. 10 FED. REP. 142.]

On the fifteenth day of December, 1881, the British steamer Clintonia, while proceeding down the Mississippi river in front of New Orleans, took a sheer and collided with the Vallette dry-dock, moored on the right bank of the river, breaking a large hole in the side of the dock, which at once began to leak, whereupon two or more tugboats went to its assistance, pumped it out, and prevented it from sinking, and then libeled it for salvage. There was a plea that the court had no admiralty jurisdiction.

* Reported by Joseph P. Hornor, Esq., of the New Orleans bar.
Affirmed.   See 7 Sup. Ct. Rep. 336.

*J. R. Beckwith* and *Chas. S. Rice*, for libelants.

*M. M. Cohen*, for claimants.

WOODS, Justice. Upon the findings of facts the question is presented whether the services rendered by the libelants to the Vallette Dry-dock Company were of such a nature as to give the district court and this court, sitting in admiralty, jurisdiction over this case. We are of opinion that the services did not partake of the nature of salvage services. The structure to which they were rendered was not designed for navigation, and being practically incapable of navigation, it had no more connection with trade or commerce than a wharf, a ship-yard, or a fixed dry-dock, into which water-crafts are introduced by being drawn up on ways. As shown by the findings, it had remained securely and permanently moored to the bank for a period of more than 14 years. It partook more of the nature of a fixture attached to the realty than of a boat or ship.

A service is not necessarily a maritime service because rendered upon the high seas or a navigable river. It must be a maritime service; it must have some relation to commerce or navigation; some connection with a vessel employed in trade,—with her equipment, her preservation, or the preservation of her crew. *Thackeray v. The Farmer,* Gilp. 524.

So, in the case of *The Hendrick Hudson,* when the hulk, a dismantled steam-boat, fitted up as a hotel and saloon, had got ashore, and it became necessary to lighten her by pumping, and a steam-propeller was employed for that purpose, whose owners afterwards filed a libel for salvage, it was held that the hulk was not at the time engaged in commerce and navigation in such a sense as to be liable *in rem* in admiralty. 3 Ben. 419.

A case in all respects similar to the present one was decided by Mr. DILLON, lately circuit judge for the eighth circuit. We refer to the case of *The Salva Wrecking Company* in the United States circuit court for the eastern district of Missouri. It has not been reported, but we have been furnished with a copy of the opinion delivered. It was a suit *in personam* to recover for salvage services for raising docks similar to the Vallette dry-dock, which, without breaking away from shore or parting the cables, had sunk so deep that they could not be raised by their own pumps. It was held that the services did not relate to navigation business, or commerce of the sea or public navigable waters, in such a sense as to make the services maritime, and the libel was dismissed for want of jurisdiction.

The cases cited by counsel for libelants are cases of derelict, or of property found floating at sea, or wrecked or washed upon the shore. *Taber v. Jenny,* 1 Spr. 322; *Fifty Thousand Feet of Timber,* 2 Low. 64; *A Raft of Spars,* 1 Abb. Adm. 485; *Twenty-three Bales of Cotton,* 9 Ben. 48. Other cases cited refer to salvage services rendered boats of different kinds. *The Old Natchez,* 9 FED. REP. 476; *Maltby v. A Steam Derrick Boat,* 3 Hughes, 477; *The Senator,* Brown, Adm. 372; *The Union Express,* Id. 516.

These cases are not in conflict with the views expressed in this case.

Our conclusion is that neither the district court nor this court has jurisdiction of this case, and the libel must therefore be dismissed.

PARDEE, J., concurs.

See *The Hyderabad,* 11 FED. REP. 749, and note, 758; *The Vincenz Pinotti, infra.*