December 30, 1927, which affirmed on certiorari an order of Special Term canceling an assessment levied under section 4 of the Tax Law, as amended by chapter 99 of the Laws of 1925, against the relator for purposes of taxation upon an alleged interest under a contract with the United States to purchase structures and fixed equipment erected and owned by the United States upon land of the relator in the city of Buffalo.

The tax was declared void on the ground that it tended to retard, impede or burden the government in disposing of the plant, and chapter 99 of the Laws of 1926 was declared unconstitutional.

*Gregory U. Harmon, Corporation Counsel (Herbert A. Hickman* of counsel), for appellants.

*John Lord O'Brian* and *Ralph Ulsh* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: ANDREWS, J.

---

JOSEPH CHERNIK, Appellant, *v.* CLYDE STEAMSHIP COMPANY, Respondent.

*Constitutional law — negligence — workmen's compensation — master and servant — constitutionality of Longshoremen's and Harbor Workers' Compensation Act.*

*Chernik* v. *Clyde Steamship Co.,* Kings Co. Special Term, Dec. 2, 1927, affirmed.

(Argued March 26, 1928; decided April 10, 1928.

APPEAL from a judgment, entered December 2, 1927, upon an order of a Special Term of the Supreme Court for the county of Kings granting a motion by defendant for a dismissal of the complaint. Plaintiff, a longshoreman in the employ of defendant, was injured while engaged in unloading a vessel and brought this action to recover therefor. Defendant moved to dismiss the complaint on the ground that the court had no jurisdiction of the subject-matter, by reason of a certain act of Congress commonly

known as the Longshoremen's and Harbor Workers' Compensation Act, and that the defendant had complied with all the terms and conditions of said act, and, therefore, the plaintiff could not recover any moneys except the compensation provided thereunder.  The plaintiff opposed the motion to dismiss, contending that the Longshoremen's and Harbor Workers' Compensation Act is unconstitutional, null and void.

*Joseph Banner* for appellant.

*Ray Rood Allen* for respondent.

*Harry S. Austin* for International Longshoremen's Association, *amicus curiæ.*

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ.  Not sitting: ANDREWS, J.

---

THYRZA B. FLAGG et al., Respondents, *v.* ROBERT MOSES et al., Individually and as Commissioners of the Long Island State Park Commission, Appellants.

*Appeal — reversal by Appellate Division of judgment entered upon dismissal of complaint and grant of new trial — Appellate Division without power to grant permission to appeal to Court of Appeals on certified questions.*

*Flagg* v. *Moses,* 222 App. Div. 762, affirmed.

(Argued March 26, 1928; decided April 10, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 13, 1928, which denied for lack of power defendants' motion for leave to appeal to the Court of Appeals from an order of said Appellate Division entered December 9, 1927, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.  The following question was certified: In the circumstances of this case has this court power to grant leave to the defendants to appeal from the