**BUREN v. SOUTHERN PAC. CO.**

No. 6249.

Circuit Court of Appeals, Ninth Circuit.

May 8, 1931.

Thomas F. McCue and Clifton Hildebrand, both of San Francisco, Cal., for appellant.

Guy V. Shoup and Dunne, Dunne & Cook, all of San Francisco, Cal., for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

Appellant was employed by the appellee railroad company as a brakeman. On August 6th he was engaged in running a freight train from San Francisco east. At Port Costa the train was run onto the Southern Pacific Company's ferryboat Solano, and was ferried across the Carquinez Straits to Benicia. It was the duty of the appellant to

tighten the brakes on the cars when they were run onto the ferryboat and to loosen them as they were about to be run off the boat. On arriving at Benicia, appellant climbed on top of a box car to loosen the brake, and while he was standing thereon the engine attached to the car moved forward, and appellant's head was struck against a steel girder extending athwartships for the purpose of strengthening the ferryboat. The accident occurred during the darkness, and appellant predicates his right of action against the Southern Pacific Company upon the alleged negligence of the company in failing to warn him of the overhead girder which caused the injury. Demurrer was sustained to the complaint, and thereafter appellant amended his complaint by alleging that he was acting as a brakeman at the time of his injury and that the ferryboat was employed entirely for transferring the Southern Pacific Company's trains across the Carquinez Straits. The boat was not otherwise engaged in trade or commerce, but was used solely as part of the appellee's railroad system to transport its trains over said straits.

It was alleged that appellee had secured the payment of compensation to its employees falling within the purview of the Longshoremen's and Harbor Workers' Compensation Act (44 Stat. 1424, 33 USCA §§ 901–950). The demurrer was sustained to the complaint as amended and judgment of dismissal entered, from which appellant takes this appeal.

 The sole question involved in the appeal is whether or not the act above referred to applied to the appellant at the time and place of the injury. We are unable to distinguish the case in principle from that dealt with by the Supreme Court of the United States in Nogueira v. N. Y., etc., R. Co., 281 U. S. 128, 50 S. Ct. 303, 74 L. Ed. 754, where the subject was treated exhaustively. In that case the injured employee was engaged in moving freight by hand truck onto a freight car on a float which was used by the railroad company in transporting its loaded freight cars upon the navigable waters in and about New York. It is there held that the Federal Employers' Liability Act (45 USCA §§ 51–59), relied upon by the appellant in this case as the basis for his recovery, did not apply, and that the Longshoremen's and Harbor Workers' Compensation Act, above cited, did apply to the injury in question. There seems to be no difference in principle between loading freight onto a car upon a lighter or ferry and moving a loaded freight car onto a ferryboat or lighter. In either case, where those so engaged are injured by accident, the locus of the accident is upon navigable waters, and this is the test of admiralty jurisdiction in cases of tort. In London Guarantee & Accident Co. v. Industrial Accident Comm., 279 U. S. 109, 123, 49 S. Ct. 296, 300, 73 L. Ed. 632, it is said: "It is clearly established that the jurisdiction of the admiralty over a maritime tort does not depend upon the wrong having been committed on board a vessel, but rather upon its having been committed upon the high seas or other navigable waters. The Plymouth, 3 Wall. 20, 18 L. Ed. 125; Atlantic T. Co. v. Imbrovek, 234 U. S. 52, 59, 60, 34 S. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157." See, also, State Industrial Comm. of State of New York v. Nordenholt, 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013.

While the ordinary duties of the appellant were performed upon land, his employment, according to the allegation of the complaint, required him to assist in the loading and unloading of the freight cars upon the ferryboat, and it was while he was so engaged that he was injured.

Appellant bases his contention as to the application of the Federal Employers' Liability Act (45 USCA §§ 51–59) in the case at bar in part upon a misquotation, no doubt inadvertent, of an act of Congress (33 USCA § 901 note) amending the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 901 et seq.). This act, by its terms, is expressly limited to employees in the District of Columbia. Section 2 of the act limits its applicability, even in the District of Columbia, but has no application in the case of railroad employees injured outside the District of Columbia. The Supreme Court in Nogueira v. N. Y., etc., R. Co., 281 U. S. 128, 50 S. Ct. 303, 74 L. Ed. 754, supra, calls attention to the fact that this exception of an employee of a common carrier engaged in interstate or foreign commerce solely within the District of Columbia seems to indicate that, in the opinion of Congress, the Longshoremen's and Harbor Workers' Compensation Act does apply to such employees outside the District in cases of maritime tort.

Appellant's remedy for the injury suffered is to be found under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. Our attention has been called to a decision of the United States Em-

ployees' Compensation Commission designated to carry out the provisions of that act holding that the act applies to trainmen who ride locomotives and cars on and off ferries, and who, while on said ferries, couple and uncouple cars, or set and release car brakes (Op. No. 29, issued January 20, 1928).

Judgment affirmed.

SAWTELLE, Circuit Judge, concurs.