698

United States District Court
S. D. New York.
June 24, 1948.

Samuel M. Cole, of New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City (Cleveland C. Cory, of New York City, of counsel), for defendant.

RIFKIND, District Judge.

Defendant moves for summary judgment on the ground that there is no genuine issue as to any of the material facts which absolve defendant from liability and it is, therefore, entitled to judgment as a matter of law.

Plaintiff does not dispute the facts relied on by defendant to relieve it from liability. He denies that these facts justify the legal conclusion which defendant claims they support.

The action is under the Federal Employers' Liability Act, § 1 et seq., 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries sustained by plaintiff.

At the time of the injury plaintiff was employed by the defendant railroad and his services were directly connected with interstate transportation and with defendant's business as a common carrier in interstate commerce by railroad. The injury occurred as he was pulling a loaded cart down a gangplank from a dock to a large lighter afloat on the Hudson River. His injuries were sustained on navigable waters.

It is defendant's contention that plaintiff's exclusive remedy is under the Longshoremen's and Harbor Workers' Compensation Act, § 1 et seq., 33 U.S.C.A. § 901 et seq., and in support of its position it relies on Nogueira v. New York, N. H. & H. R. Co., 1930, 281 U.S. 128, 50 S.Ct. 303, 74 L. Ed. 754. Plaintiff concedes that he would be barred by the Nogueira case were it not for the 1939 amendment to the Federal Employers' Liability Act, Act of August 11, 1939, 53 Stat. 1404. That added the following language to section 1, Sec. 51, 45 U. S.C.A.:

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."

It seems clear to me that plaintiff misconceives the purpose and meaning of the amendment. Prior to the amendment, the statute was construed as governed by the "moment of injury" rule summarized in New York, New Haven & Hartford Railroad Co. v. Bezue, 1932, 284 U.S. 415,

420, 52 S.Ct. 205, 207, 76 L.Ed. 370, 77 A. L.R. 1370, thus:

"The criterion of applicability of the statute is the employee's occupation at the time of his injury in interstate transportation or work so closely related thereto as to be practically a part of it."

The amendment did away with the "moment of injury" rule. See dissenting opinion in Mostyn v. Delaware L. & W. Railroad Co., 1947, 2 Cir., 160 F.2d 15, 19. It has never, as far as I know, been suggested that the amendment affected the coverage of the Longshoremen's and Harbor Workers' Act. And that, of course, is the crucial question.

Clearly, both with and without the 1939 amendment, the plaintiff in the instant case is covered by the Federal Employers' Liability Act, but since he also qualifies under the Longshoremen's and Harbor Workers' Act, the remedy under the latter statute is exclusive. 33 U.S.C.A. § 905; Nogueira v. New York, N. H. & H. R. Co., supra.

Motion granted.