This is an appeal from an order of the Hudson County Court dismissing the plaintiff's complaint under the Federal Employers' Liability Act and entering judgment for the defendant.
The plaintiff, Anthony Gussie, was a freight brakeman employed in interstate commerce by the defendant Pennsylvania Railroad Company. On September 6, 1944, he was on a box *Page 295 
car located on a car float of 450 tons which was lying in the navigable waters of the Hudson River. He alleges that while he was assisting in the unloading of freight cars he had given a back-up signal to the engineer on the locomotive located off the car float and that the locomotive suddenly pulled forward hurling him from the roof of the box car to the float and seriously injuring him. He filed a complaint to recover for personal injuries based upon the Federal Employers' Liability Act (45 U.S.C.A. Sec. 51 et seq.). The defendant moved to dismiss the complaint on the ground that the plaintiff's exclusive remedy is under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. Sec. 901 et seq.). The motion was granted and judgment was entered for the defendant. On the appeal the parties have stipulated the facts. In addition, they concede that the circumstances preclude recovery under any State compensation law [Cf. Hardt v. Cunningham, 136 N.J.L. 137 (Sup.Ct.
1947)]; that if the plaintiff is subject to the provisions of the Longshoremen's and Harbor Workers' Compensation Act his remedy thereunder is exclusive (33 U.S.C.A. Sec. 905); and that if the dismissal of the plaintiff's complaint is sustained he will not be barred from recovery under said Act (33 U.S.C.A. Sec. 913d). It is the plaintiff's contention, however, that (1) the Act is not applicable to railroad employees, and (2) that in any event, the plaintiff should be deemed excluded therefrom by the provisions of the 1939 amendment to the Federal Employers' Liability Act (35 Stat. 65,45 U.S.C.A. Sec. 51).
Holdings adverse to the plaintiff's first contention are found in Nogueira v. New York, N.H. and H.R. Co., 281 U.S. 128,74 L.Ed. 754 (1930); Buren v. Southern Pac. Co.,50 F.2d 407 (C.C.A. 9th 1931) cert. den. 284 U.S. 638,76 L.Ed. 543 (1931); and Richardson v. Central R. Co. of New Jersey,233 App. Div. 603, 253 N.Y.S. 789 (1931). In theNogueira case the plaintiff was employed by the defendant railroad company as a freight handler and was injured while working on a 500 ton car float lying in navigable waters at New York Harbor. In an opinion by Chief Justice Hughes, the Supreme Court, after pointing out that the general scheme of the *Page 296 
Longshoremen's and Harbor Workers' Compensation Act was to afford compensation to such employees as are subject to its terms "for disability or death resulting from injury occurring upon the navigable waters of the United States" held that the Act encompassed the plaintiff and afforded an exclusive remedy to him. In answer to the suggestion that the Act should be deemed inapplicable to employees of railroad companies, the court noted that although several exceptions are expressed in the Act, railroad employees are not excluded; indeed, an express exception of railroad employees which was contained in the Bill as it was adopted in the Senate was omitted from the Act as it finally passed. In the Buren case the plaintiff was employed by the defendant railroad company as a brakeman and was injured while on a ferry boat transporting a train which was about to be run off the boat at the point of destination. The court held that theNogueira case was controlling and found no significance in the fact that the ordinary duties of the plaintiff were performed upon land since his duties also included work on navigable waters and he was injured while performing the latter. In theRichardson case the plaintiff, a yard brakeman employed by the defendant railroad company, was injured when he was thrown from one of the freight cars on a car float lying in navigable waters, allegedly by reason of the negligent operation of the locomotive on land. The court found that the locus of the accident was controlling and that under the Nogueira and Buren cases the plaintiff's exclusive remedy was within the Longshoremen's and Harbor Workers' Compensation Act. Since we are dealing with the meaning and application of a federal statute the Supreme Court's construction thereof in the Nogueira case is binding upon us. We believe that the rulings there made were properly applied in the Buren and Richardson cases to circumstances substantially indistinguishable from the case before us and that plaintiff's first contention to the contrary is without merit.
The plaintiff's second contention is that the 1939 amendment of the Federal Employers' Liability Act, enacted subsequent to the above cited cases, should be construed to have the effect of excluding railroad employees from the Longshoremen's *Page 297 
and Harbor Workers' Compensation Act. Prior to the 1939 amendment the Federal Employers' Liability Act was confined to cases where the employee at the time of the injury was actually engaged in interstate transportation or in work so closely related as to be deemed part thereof. See McFadden v. Pennsylvania R. Co.,130 N.J.L. 601 (Sup.Ct. 1943); Fury v. N.Y. and Long Branch R.Co., 127 N.J.L. 354 (E. A. 1941). As a result, practical difficulties arose since oftentimes the parties could not determine with any degree of certainty whether the employee had, when the accident occurred, been engaged in interstate commerce within the Federal Employers' Liability Act or in intrastate commerce within a State compensation act. To reduce these difficulties the 1939 amendment enlarged the scope of the Federal Employers' Liability Act to include all employees, whose duties, in whole or in part, are in furtherance of interstate commerce or "in any way directly or closely and substantially affect such commerce". See Shelton v. Thomson, 148 F.2d 1 (C.C.A.7th 1945); Ermin v. Pennsylvania R. Co., 36 F. Supp. 936(D.N.Y. 1941). There is nothing whatever in the language of the 1939 amendment which can properly be said to have any bearing on injuries occurring on vessels in navigable waters to employees within the contemplation of the Longshoremen's and Harbor Workers' Compensation Act. When the 1939 amendment was passed the doctrine of the Nogueira case had been long recognized and consistently followed. Congress could readily have terminated its effect if it so chose, but it has remained silent. We are not at liberty to accomplish that result by the strained construction which the plaintiff seeks of a statutory amendment unrelated both in letter and purpose.
The judgment below is affirmed. *Page 298