### ZIENTEK v. READING CO.
#### Civ. A. No. 9662.

United States District Court
E. D. Pennsylvania.
Sept. 28, 1950.

B. Nathaniel Richter (of Richter, Lord & Farage), Philadelphia, Pa., for plaintiff.

John R. McConnell, Philadelphia, Pa., for defendant.

WELSH, District Judge.

The argument advanced by the defendant is that since plaintiff was injured aboard a car float on a navigable river of the United States the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., is applicable, and since the remedies provided for under that Act are sole and exclusive the action insofar as it relates to the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., must be dismissed.

1. The general scheme of the Longshoremen's and Harbor Workers' Compensation Act was to provide compensation for workers engaged in maritime work who are injured while on navigable waters. A careful review of the legislation reveals that the protection of persons working on or about vessels and commonly known as longshoremen and stevedores was intended and accordingly the applicability of the Act was limited to those persons. Protection for those persons was deemed necessary because prior to the passage of the Act no remedy was provided for in the case of injuries to such persons, since Workmen's Compensation Statutes did not apply to them. As a matter of fact, Congress in furtherance of its overall intent expressly provided for the inapplicability of the Act where recovery for the worker's disability or death can be had through workmen's compensation proceedings under a valid State law, 33 U.S.C.A. § 903. In addition, Congress further limited the scope of the Act by excepting from its provisions mas-

ters and members of a crew, as those persons had the protection of statutes already in force, 33 U.S.C.A. § 903.

2. The facts in the record clearly establish that the plaintiff in the instant case is not a longshoreman or a stevedore and that he is a railroad worker in the occupational sense. He was employed by the defendant railroad as a brakeman and his duties consisted of coupling and uncoupling cars, setting and releasing brakes, checking the equipment and passing signals. He performed 90 per cent of his work on land and the remaining 10 per cent aboard a car float in navigable waters. However, whether he worked on land or on navigable waters his work was always that of a "railroader" (as described above) and never that of a longshoreman or stevedore.

3. It is the opinion of the Court that plaintiff as a railroad employee is entitled to the benefits of the Federal Employers' Liability Act. The argument of the defendant is that since plaintiff's injuries were sustained on navigable waters of the United States he brought himself without the scope of that Act and within the scope of the Longshoremen's and Harbor Workers' Compensation Act. In support of the argument the defendant cites Nogueira v. New York, New Haven and Hartford Railroad Company, 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754, and other cases following the rule laid down in that case. Buren v. Southern Pacific Company, 9 Cir., 50 F.2d 407; Gussie v. Pennsylvania Railroad Company, 1 N.J.Super. 293, 64 A.2d 244; Job v. Erie Railroad Company, D.C., 79 F.Supp. 698. In the Nogueira case, supra, the Supreme Court of the United States held a freight handler employed by a railroad company injured aboard a car float in navigable waters was subject to the Longshoremen's and Harbor Workers' Compensation Act and not the Federal Employers' Liability Act.

4. The effect of the Nogueira case, we feel, was nullified by the 1939 Amendment to the Federal Employers' Liability Act and the decision in Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. See Central Engineering Company v.

Bassett, D.C., 42 F.Supp. 750; Moores' Case, 323 Mass. 462, 80 N.E.2d 478. In Davis v. Department of Labor, the Court had before it the question of whether the State Workmen's Compensation Act or the Longshoremen's and Harbor Workers' Compensation Act was applicable to a structural steel worker injured aboard a barge in navigable waters. It decided that upon the facts and circumstances of the case the State Workmen's Compensation Act was applicable. In enunciating the rule of the case, the Court, 317 U.S. at page 256, 63 S.Ct. at page 229, 87 L. Ed. 246, said: "There is, in the light of the cases referred to, clearly a twilight zone in which the employees must have their rights determined case by case, and in which particular facts and circumstances are vital elements." It will be observed that the Court in Davis v. Department of Labor, supra, decided a case involving a dispute between State and Federal jurisdiction. In the present case we are confronted with a dispute between two Federal statutes. However, we feel the distinction is not material and accordingly follow the rule laid down in said case. Upon the facts and circumstances of the instant case we conclude that the plaintiff is subject to the provisions of the Federal Employers' Liability Act. The plaintiff, it has already been seen, was a "railroader" in the operational sense. He performed only railroad work and he performed said railroad work 90 per cent of the time on land and 10 per cent of the time on a car float in navigable waters. As a "railroader" plaintiff falls within the scope of the Federal Employers' Liability Act and is entitled to the benefits of said Act. Suffice it to say, without enumerating them, plaintiff's benefits under said Act are substantial, and to deprive plaintiff of the substantial rights secured to him under said Act merely because at the time of his injuries he happened to be aboard a car float in navigable waters would, we think, be recognizing the shadow and ignoring the substance of remedial social legislation.

5. In 1908 Congress passed the Federal Employers' Liability Act. Immediately Courts experienced difficulty in determining whether or not the provisions of the Act applied to a given railroad employee. If the facts and circumstances of a particular case justified the conclusion that the employee was engaged in interstate commerce he was subject to the provisions of the Act and if the facts and circumstances did not justify such a conclusion he was not so subject. As a result the remedy of railroad employees under the Act was uncertain.

In 1927 Congress enacted the Longshoremen's and Harbor Workers' Compensation Act and the Court's interpretation of that Act in the Nogueira case increased the uncertain status of railroad employees regarding their rights and remedies. In the Nogueira case the Court held that while ordinarily a railroad employee is entitled to the benefits of the Federal Employers' Liability Act the sole and exclusive remedy of a railroad employee employed as a freight handler who is injured aboard a car float in navigable waters is under the Longshoremen's and Harbor Workers' Compensation Act. The effect of the Nogueira holding was to exclude from the coverage of the Federal Employers' Liability Act a railroad employee employed as a freight handler injured on navigable waters of the United States as the result of the negligence of officers, agents or employees of a railroad company; and also, by implication, it excluded railroad employees employed as freight handlers injured while on navigable waters because of a defect or insufficiency, due to the company's negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. See 35 Stat. 65.

Congress when it amended the Federal Employers' Liability Act in 1939 did not change the wording of the original Act but it did add one paragraph. The effect of the additional paragraph was to widen the scope of the Act by including within its coverage "any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way

directly or closely and substantially, affect such commerce".

Congress is presumed to have knowledge of the status of the law when it is legislating on a given subject. By its failure to expressly except from the provisions of the 1939 Amendment to the Federal Employers' Liability Act railroad employees formerly excluded on account of the Longshoremen's and Harbor Workers' Compensation Act and decisions interpreting said Act Congress thereby demonstrated its intent to change the existing law to that extent and to afford the protection of the Federal Employers' Liability Act to all railroad employees whether the injuries are sustained on land or on navigable waters. Under the 1939 Amendment the question of whether the injuries occurred on land or on navigable waters and also the question of whether or not the employee at the time of the injuries was actually engaged in interstate transportation or in work so closely related as to be deemed part thereof need no longer be considered in determining whether or not the employee is covered by the Act. The broad question to be determined is whether or not the employee's duties in whole or in part are in furtherance of interstate commerce or in any way directly or closely and substantially affect such commerce.

Finally, it should be pointed out that the intent of Congress to include within the coverage of the Federal Employers' Liability Act, as amended, is strongly indicated by the fact that it used again in the 1939 Amendment the words "boats, wharves, or other equipment" found in the original Act. To impute to Congress a contrary intent would be to do violence to the express wording of the Act. The words can only mean that railroad employees injured on boats, wharves, or other equipment of the company have the protection of the Act and such protection cannot be taken away merely because such boats or other equipment happens to be in or on navigable waters at the time of the accident.

6. For reasons appearing herein we conclude that plaintiff is subject to the provisions of the Federal Employers' Liability Act and is entitled to the benefits contained therein. Accordingly, defendant's motion to dismiss insofar as it relates to the Federal Employers' Liability Act is denied. Insofar as it relates to the Jones Act, 46 U.S.C.A. § 688, and the general admiralty and maritime jurisdiction of the United States and of this Court the motion to dismiss is granted.

An order in conformity with the foregoing opinion will be presented.