RIST v. PITTSBURGH & CONNEAUT DOCK CO. et al.

Civ. A. No. 27157.

United States District Court
N. D. Ohio, E. D.
July 14, 1951.

Clinton J. Wall, Youngstown, Ohio, for plaintiff.

James C. Davis and John J. Adams (of Squire, Sanders & Dempsey), Cleveland, Ohio, for defendants.

McNAMEE, District Judge.

Plaintiff was injured on February 7, 1948 by falling through a hatch while working on board the Homer D. Williams, then located in a slip in Conneaut Harbor at Conneaut, Ohio.

Proceeding under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., plaintiff alleges that at the time of injury he was an employee of both defendants and seeks recovery for his injuries on the ground of the defendants' alleged negligence.

Defendants severally moved for summary judgment on the ground that plaintiff is remitted to compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Both defendants have complied with that Act.

Defendant Bessemer and Lake Erie Railroad Company denies "that at the time referred to in the Complaint plaintiff was employed by this defendant."

The issue of a material fact,—plaintiff's status as its employee—thus made by defendant Bessemer and Lake Erie Railroad Company, precludes consideration of that defendant's motion for summary judgment on the asserted ground that plaintiff's exclusive remedy is compensation under the Longshoremen's and Harbor Workers' Compensation Act. The motion of defendant Bessemer and Lake Erie Railroad Company is therefore overruled, without prejudice to that defendant's right to renew the motion on the same ground at a later stage of these proceedings.

The Dock Company is authorized to engage in the business of receiving and forwarding iron ore and coal from vessels engaged in interstate commerce and from railroads doing an interstate commerce business.

Defendant Pittsburgh & Conneaut Dock Company admits that plaintiff was its employee at the time he sustained his injuries, and it appears that there is no genuine issue of fact between plaintiff and the defendant Dock Company. Plaintiff commenced his employment with the Dock Company on January 5, 1948, and, until shortly after February 1, 1948, all of his work was performed on land. Five days before the date of his injuries plaintiff began his work of assisting in the repair of the Homer D. Williams. He was so employed at the time of the accident resulting in his injuries.

The Homer D. Williams, owned by the Pittsburgh Steamship Company, is a ship of more that eighteen tons, being a large freight-carrying vessel regularly used in the transportation of coal and ore on the Great Lakes. The ship was in service on the Great Lakes both before and after February 7, 1948. Conneaut Harbor is a part of the navigable waters of the United States. At the time of plaintiff's injury the waters of the harbor were frozen and, according to the affidavit of plaintiff, "one end of the boat was grounded in and upon the beach of said harbor." Plaintiff also stresses the fact that extensive repairs were being made on the ship, noting that "the engine was dismantled",—"the motors had been disconnected and removed",—"and the plate had been removed from the hull."

In support of its motion for judgment the defendant Dock Company contends that plaintiff's injuries occurred upon navigable waters of the United States and that

under the law as declared in Nogueira v. New York, New Haven & Hartford R. R. Co., 1930, 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754, plaintiff's sole remedy against defendant is compensation under the Longshoremen's and Harbor Workers' Compensation Act.

Plaintiff argues that the 1939 Amendment to the Federal Employers' Liability Act extends the benefits of that Act to railroad employees sustaining injuries. on the navigable waters of the United States as well as to those suffering injuries on land. Plaintiff also opposes the motion on other grounds hereinafter to be noticed and discussed.

The Longshoremen's and Harbor Workers' Compensation Act provides for compensation to an employee for liability resulting from an injury occurring upon the navigable waters of the United States (including any dry dock) in cases where recovery therefor through workmen's compensation proceedings may not validly be provided by state law. Excluded from the operation of the statute are, "(1) A master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net * * *". 33 U.S.C.A. § 903. The Act provides for the payment of compensation " * * * irrespective of fault as a cause for the injury", 33 U.S.C.A. § 904, and, further, that the liability of the employer prescribed therein "shall be exclusive and in place of all other liability of such employer to the employee". 33 U.S.C.A. § 905.

As stated in Swanson v. Marra Brothers, Inc., 1946, 328 U.S. 1, 6, 66 S.Ct. 869, 871, 90 L.Ed. 1045, the Act "both imposes liability on the employer for injuries on navigable waters to employees not * * * the master or members of a crew of a vessel, and makes the prescribed liability to employees within the coverage of the Act exclusive."

The locus of the accident is controlling in determining whether the Longshoremen's and Harbor Workers' Compensation Act governs in case of injuries to employees not within the excepted classes. That this is the decisive test has been the uniform holding of the courts. Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754; Standard Dredging Corp. v. Henderson, 5 Cir., 150 F.2d 78; Norton v. Gulf Refining Co., 3 Cir., 94 F.2d 380; Buren v. Southern Pacific Co., 9 Cir., 50 F.2d 407; Gussie v. Pennsylvania R. Co., 1949, 1 N.J.Super. 293, 64 A.2d 244; Job v. Erie R. Co., D.C., 79 F.Supp. 698.

This test has been held decisive in suits brought under the Federal Employers' Liability Act. In Nogueira v. New York, N. H. & H. R. Co., supra, the Supreme Court first declared it to be the law that a suit cannot be maintained under the Federal Employers' Liability Act by an employee engaged in part in maritime employment to recover for injuries sustained on the navigable waters of the United States.

In support of his contention that the 1939 Amendment to the Federal Employers' Liability Act extends the benefits of that Act to railroad employees sustaining injury on the navigable waters of the United States, plaintiff relies upon Zientek v. Reading Co., D.C., 93 F.Supp. 875, 877. The 1939 Amendment to the Federal Employers' Liability Act added the following paragraph:

" * * * any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce."

In the Zientek case the court held:

"Congress is presumed to have knowledge of the status of the law when it is legislating on a given subject. By its failure to expressly except from the provisions of the 1939 Amendment to the Federal Employers' Liability Act railroad employees formerly excluded on account of the Longshoremen's and Harbor Workers' Compensation Act and decisions interpreting said Act Congress thereby demonstrated its intent to change the existing law to that

extent and to afford the protection of the Federal Employers' Liability Act to all railroad employees whether the injuries are sustained on land or on navigable waters."

In sharp disagreement with the Zientek case is Gussie v. Pennsylvania R. Co., 1949, 1 N.J.Super. 293, 64 A.2d 244, 245, wherein the court expressed its views as follows:

"There is nothing whatever in the * * * 1939 amendment which can properly be said to have any bearing on injuries occurring on vessels in navigable waters to employees within the contemplation of the Longshoremen's and Harbor Workers' Compensation Act. When the 1939 amendment was passed the doctrine of the Nogueira case had been long recognized and consistently followed. Congress could readily have terminated its effect if it so chose, but it has remained silent. We are not at liberty to accomplish that result by the strained construction which the plaintiff seeks of a statutory amendment unrelated both in letter and purpose."

In Job v. Erie R. Co., supra, Judge Rifkind stated that the 1939 Amendment to the Federal Employers' Liability Act did away with the "moment of injury" rule which required a plaintiff suing under that Act to establish that at the moment of injury he was engaged in interstate, as distinguished from intrastate, commerce.

That this is the correct view of the effect of the Amendment is evidenced by Senate Report 661 commenting upon the 1939 Amendment as follows:

"This amendment is intended to broaden the scope of the * * * Act so as to include within its provisions employees * * * who, while ordinarily engaged in the transportation of interstate commerce, may be, at the time of injury, temporarily divorced therefrom and engaged in intrastate operations. * * * The adoption of the proposed amendment will, to a very large extent, eliminate the necessity of determining whether an employee, at the very instant of his injury or death, was actually engaged in the movement of interstate traffic."

In the Nogueira case, supra, Chief Justice Hughes, in discussing the history of the Longshoremen's and Harbor Workers' Compensation Act, noted that,

"The bill, as reported to, and first passed by, the Senate, contained a provision in section 3 excepting 'an employee of a common carrier by railroad engaged in interstate or foreign commerce or in commerce within any Territory or the District of Columbia if the injury from which the disability or death results occurred while the employee was employed in such commerce.' Sen.Rep. No. 973, 69th Cong., 1st sess. This exception was eliminated from the bill as finally passed. [281 U.S. 128, 50 S.Ct. 305.]"

It is unreasonable to suppose that Congress subsequently would have incorporated the above eliminated provision into a statute of the United States otherwise than by an amendment clearly and explicitly stating such purpose. It is also noted in the Nogueira case that in the Act of May 17, 1928, 33 U.S.C.A. § 901 note, D.C.Code 1940, §§ 36–501, 36–502, applying the provisions of the Longshoremen's and Harbor Workers' Compensation Act to employees in the District of Columbia a special exception was made of employees of a common carrier by railroad when engaged in interstate or foreign commerce solely within the District of Columbia. Certainly Congress would have been no less explicit if by the 1939 Amendment to the Federal Employers' Liability Act it was intended to except railroad employees engaged in interstate commerce outside of the District of Columbia from the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

Clearly the 1939 Amendment to the Federal Employers' Liability Act does not have the effect claimed for it by plaintiff and it does not weaken or impair the controlling force of the rule announced in Nogueira v. New York, N. H. & H. R. Co.,

supra. It would appear, therefore, that unless plaintiff's other grounds in opposition to the motion are well taken, the defendant Dock Company's motion for judgment must be granted.

The fact that most of plaintiff's work was done on land is not, as he argues, effective to withdraw his claim from the scope of the Longshoremen's and Harbor Workers' Compensation Act. In Parker v. Motor Boat Sales Co., Inc., supra, the court said:

"* * * habitual performance of other and different duties on land cannot alter the fact that at the time of the accident he was riding in a boat on a navigable river * * *". [314 U.S. 244, 62 S.Ct. 223.]

The Longshoremen's and Harbor Workers' Compensation Act defines "employer" as "an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any dry dock.)" 33 U.S.C.A. § 902(4). In referring to this definition the court in the Nogueira case said:

"The definition is manifestly broad enough to embrace a railroad company, provided it has employees who 'are employed in maritime employment, in whole or in part, upon the navigable waters of the United States.'"

It is beyond dispute that plaintiff was employed in part in maritime employment on the navigable waters of the United States.

Plaintiff's claim that the frozen condition of the waters of Conneaut Harbor destroyed their navigability is also without merit:

"Navigability, in the sense of the law, is not destroyed because the watercourse is interrupted by occasional natural obstructions or portages; nor need the navigation be open at all seasons of the year, or at all stages of the water." Economy Light & Power Co. v. United States, (1921), 256 U.S. 113, 122, 41 S.Ct. 409, 412, 65 L.Ed. 847. See also United States v. Appalachian Electric Power Co., (1940), 311 U.S. 377, 407, 409–410, 61 S.Ct. 291, 85 L.Ed. 243.

Nor does the fact that the Homer D. Williams was being repaired render the Longshoremen's and Harbor Workers' Compensation Act inapplicable. The ship was being reconditioned for further service on the Great Lakes and sailed from Conneaut Harbor within sixty days after the date of plaintiff's injury.

While working on the ship plaintiff was engaged in maritime service and his injury is compensable under the Longshoremen's and Harbor Workers' Compensation Act. Hillcone S. S. Co. v. Steffen, 9 Cir., 1943, 136 F.2d 965; Hawn v. American S. S. Co., 2 Cir., 1939, 107 F.2d 999; Seneca Washed Gravel Corp. v. McManigal, 2 Cir., 1933, 65 F.2d 779.

That one end of the ship was beached did not remove her from the navigable waters of the harbor. In Norton v. Vesta Coal Co., 3 Cir., 63 F.2d 165, relied on by plaintiff, the boat in question was entirely upon dry land, 75 feet from the water's edge. That case is not pertinent here.

There is nothing in the facts of this case nor in the language of the statute that would warrant a determination that the Homer D. Williams was not in navigable waters of the United States at the time of plaintiff's injury.

Defendant Pittsburgh & Conneaut Dock Company's motion for summary judgment is granted, and, as hereinabove noted, the motion of defendant Bessemer and Lake Erie Railroad Company is overruled without prejudice.