O'ROURKE v. PENNSYLVANIA R. CO.

No. 149, Docket 22213.

United States Court of Appeals
Second Circuit.

Argued Jan. 18, 1952.

Decided Feb. 26, 1952.

Herbert Zelenko, New York City, Richard C. Machcinski, New York City, of counsel, for plaintiff-appellant.

Conboy, Hewitt, O'Brien & Boardman, New York City, A. Harold Frost, New York City, of counsel, for defendant.

Before AUGUSTUS N. HAND and CLARK, Circuit Judges, and BRENNAN, District Judge.

BRENNAN, Distict Judge.

Appeal from a judgment entered on an order of the district court granting a summary judgment dismissing plaintiff's complaint which sounds in negligence, and seeks to recover money damages on account of injuries received. The motion was made pursuant to Rules 12(b)(6), 56(b) and (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and is based upon the pleadings, affidavits of attorneys, the deposition of appellant, and certain concessions appearing in the record.

The complaint is based upon the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., hereinafter referred to as "Liability Act," and alleges violations of the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. The lower court held that the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., hereinafter referred to as "Compensation Act," are applicable, and the appellant's remedy thereunder is exclusive.

The appellant was employed as a freight brakeman in the yards of the defendant at Jersey City, New Jersey. He was a regular member of a drill crew whose duties were to place freight cars so as to make up freight trains. The appellant from time to time released the brakes on or coupled the freight cars of his employer while they were located on car floats in navigable waters. He was injured while releasing a defective

handbrake upon one of such cars preparatory to its removal.

The lower court relied upon the case of Nogueira v. New York, New Haven & Hartford Railroad Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754, and concluded that, although appellant was a "railroader," any tort committed against him upon a car float in navigable waters is maritime and subject exclusively to the Compensation Act, regardless of the precise task in which he was engaged at the time of the injury. The conclusion results from the application of the "locality test," authority for which is claimed in the above decision and in the Compensation Act.

When the Nogueira case was before this court, 32 F.2d 179, Judge Swan expressly reserved decision on the question which is now before us. We interpret the Nogueira decision in the Supreme Court as holding that Nogueira's employment was maritime in nature, and the injury occurring on navigable waters, the remedy afforded by the Compensation Act was exclusive. Nogueira was a railroad employee engaged when injured as a freight handler in loading a ship. There appeared to be no serious contention made but that his employment was traditionally maritime in nature. The main contention was that the car float was an adjunct to railroad transportation in interstate commerce. We find no language in the Supreme Court opinion which adversely affects the statement in the decision of the same case in this court: "Moreover, it does not follow that the mere locus of the accident necessarily determines the right". 32 F.2d at page 182. We do not believe that the Nogueira decision controls here.

The designation of appellant as a brakeman bespeaks a specialized railroad employment quite apart from maritime service. The releasing of handbrakes, or the coupling of cars, is distinctively a railroader's job requiring particular training and accompanied with particular risks peculiar to the business of railroading alone. To hold that one so employed and engaged is in maritime service is to ignore reality. Such a conclusion can only be reached by making the locality of the accident the sole

test of maritime employment and the determining fact in coverage afforded by the Compensation Act. We find no warrant either in the Nogueira decision or in law for such a test. The Compensation Act, in Sections 903(a) and 902(4), by indirection at least, provides that employment in maritime service and injury upon navigable waters are the bases of coverage. Such provisions, although they may be related, are separate, and the finding of the existence of an injury occurring upon navigable waters does not in itself require a finding of maritime employment.

No authoritative precedent is cited which requires the result below. It is true that the case of Buren v. Southern Pacific Co., 9 Cir., 50 F.2d 407, appears to be in accord with that decision. In that case the plaintiff was actually a passenger upon the boat during the period between the performance of his duty to tighten the brakes on the cars when they entered the boat and to loosen them as they were removed therefrom. The complaint in its allegation as to Buren's duties was much more broad than in the instant case insofar as it alleges his duties in connection with the loading and unloading of the freight cars upon or from the boat. Here we find no such allegation, and appellant's physical presence upon the boat appears to be only occasional and incidental. As in the Nogueira case, the main contention seems to have been that the boat upon which Buren was injured was a part of defendant's railroad system. If that decision is construed to hold that the injury occurring on navigable waters in itself requires exclusive application of the provisions of the Compensation Act, we respectfully differ with it.

The principle that torts occurring upon navigable waters determine admiralty jurisdiction is not in question here. Here we have a problem concerning the coverage afforded under one or two remedial statutes which must be determined by the provisions thereof, " * * * for the question still is, To what cases does that act (Compensation Act) apply according to its terms?" Nogueira v. N. Y., N. H. & H. R. R. Co., supra, 281 U.S. at page 137, 50 S.Ct. at page 306.

The legislative history of both statutes has been explored in prior decisions to determine congressional intent. Their recitation here would be useless repetition. The general scheme of the Compensation Act was to provide compensation to employees engaged in maritime employment for disability or death resulting from injury occurring upon the navigable waters of the United States. Nogueira v. N. Y., N. H. & H. R. R. Co., supra, 281 U.S. at page 131, 50 S.Ct. 303. The purpose of the Liability Act was similarly to provide to railroad employees a remedy for injury or death while engaged in interstate commerce. Its coverage has been extended by the 1939 Amendment which abolished the so-called "moment of injury" rule. We do not believe that the 1939 Amendment to the Liability Act is vital here, although its application has resulted in conflicting decisions. Job v. Erie R. Co., D.C., 79 F.Supp. 698; Zientek v. Reading Co., D.C., 93 F.Supp. 875. Certainly it has extended the protection given to railroad employees by broadening the requirement as to employment in interstate commerce. Moreover, the Liability Act specifically refers to negligence on the part of an employer due to defects in its " * * * boats (or) wharves * * *." The congressional intent as to its coverage would therefore seem to extend to railroad employees injured while engaged in railroad work on navigable waters, and the fact that the injury happened while the plaintiff was on such waters does not mean that his sole remedy is under the Compensation Act. Our problem, however, is not one of employment in interstate commerce, but of maritime employment, as the term is used in the Compensation Act. This decision rests upon the consideration of that question.

The language of the Compensation Act and the legislative scheme prompt the holding that appellant was a railroad employee injured while engaged in distinctive railroad work. He was not employed in maritime employment at the time of his injury within the meaning of the Compensation Act, and his rights are not limited thereby.

Reversed.

CLARK, Circuit Judge (dissenting).

I would affirm on the persuasive opinion of Judge Kennedy below, D.C.E.D.N.Y., 99 F.Supp. 506, which, in my view, correctly evaluates the precedents and the legislative policy. The decision here rejects traditional tests to rely upon something found in the nature of the employer's job, a distinction so vagrant and fleeting that it apparently cannot be stated more precisely than something "distinctively a railroader's job," or a "specialized railroad employment," requiring particular training and with particular risks. But how that can be given anything like finite application to distinguish between a "freight handler" manipulating freight, and a "railroader" manipulating brakes, on a car float, I am unable to perceive. Moreover, as is conceded, the very case of the freight handler was that of a "railroader" nonetheless granted compensation. Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754. Note, too, the opinion of Chief Justice Hughes, 281 U.S. at page 134, 50 S.Ct. at page 304: "A car float in navigable waters is subject to the maritime law like any other vessel. * * * No exception is made of the employees of a railroad company employed in maritime service on the navigable waters of the United States or with respect to the question whether such employment was in connection with an extension of railroad transportation."

To me the Nogueira case seems wholly controlling in both its reasoning and its holding. And there is a very strong current of judicial opinion elsewhere to that effect. An exact precedent is found in Buren v. Southern Pac. Co., 9 Cir., 50 F.2d 407, where the Supreme Court denied certiorari, 284 U.S. 638, 52 S.Ct. 20, 76 L.Ed. 543. Other cases of "railroaders"—brakemen—on car floats include Richardson v. Central R. Co. of New Jersey, 233 App.Div. 603, 253 N.Y.S. 789; Gussie v. Pennsylvania R. Co., 1 N.J.Super. 293, 64 A.2d 244, certiorari denied 338 U.S. 869, 70 S.Ct. 145, 94

616

L.Ed. 533; and Job v. Erie R. Co., D.C.S.D. N.Y., 79 F.Supp. 698. And there are analogous cases such as Parker v. Motor Boat Sales, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184, involving a janitor actually testing a motor boat in operation at the time of injury; or Travelers Ins. Co. v. McManigal, 4 Cir., 139 F.2d 949, Travelers Ins. Co. v. Branham, 4 Cir., 136 F.2d 873, and Mamat v. United Fruit Co., D.C.S.D.N.Y., 39 F. Supp. 103, involving by employment purpose a carpenter, a concrete pourer, and a member of a shore gang respectively, but brought under the Compensation Act by their activities when injured. The only case distinctly to the contrary appears to be Zientek v. Reading Co., D.C.E.D.Pa., 93 F. Supp. 875, which rests upon a reading of the 1939 amendment to the F. E. L. A. disavowed here.

Here the employer was engaged in a maritime activity in which it was the employee's regular duty to assist. That the employee at other times performed shore railroad duties was of no moment. It was his "actual duties" at the time which controlled. Long Island R. Co. v. Lowe, 2 Cir., 145 F.2d 516, 518; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 260, 60 S.Ct. 544, 84 L.Ed. 732. As the Court said in Parker v. Motor Boat Sales, supra, 314 U.S. at pages 246, 247, 62 S.Ct. at page 223, with reference to the claim that the Act did not apply because of the local character of the employment: "This proposition cannot be rested on the ground that Armistead, hired primarily as a janitor and porter, was predominantly a nonmaritime employee. For habitual performance of other and different duties on land cannot alter the fact that at the time of the accident he was riding in a boat on a navigable river, and it is in connection with that clearly maritime activity that the award was here made."

These cases seem to me to show as clear a line of demarcation as we can reasonably expect in the difficult realms of jurisdiction so important and apparently so necessary to our federated organization of government. But now we give these up for what seems to me a chartless morass.