This is an action under the Federal Employers' Liability Act,
45 U.S. Code, § 51 et seq.
The stipulated facts disclose that plaintiff was engaged by the defendant at the time of the injury complained of as a freight trucker, in interstate commerce, trucking flour from *Page 570 
Pier 5, Weehawken, New Jersey, to the deck of the barge "Nyando." The accident occurred on April 14, 1948. A gangway, some fifteen feet in length and four and a half feet in width, projected from the side of the pier to the deck of the barge which lay in the navigable waters of the Hudson River. The gangway, due to the low tide at the time of the occurrence, descended toward the barge doors. At the time of his injury plaintiff was pushing a handtruck containing five 100-pound bags of flour down the slope of the gangway. Physically, he was completely upon the gangway and off the dock. His injury was sustained directly over the navigable waters of the Hudson River and at a point on or directly above the deck of the barge.
The defendant moves to dismiss the complaint on the ground that plaintiff's exclusive remedy is under the Longshoremen's andHarbor Workers' Compensation Act (33 U.S.C.A., § 901 etseq.).
If plaintiff qualifies to receive compensation under theLongshoremen's and Harbor Workers' Act (33 U.S.C.A., § 905), his remedy is under this act and the present complaint must be dismissed. This act affords compensation to such employees as are subject to its terms "for disability or death resulting from injury occurring upon the navigable waters of the United States" and is an exclusive remedy. Gussie v. Pennsylvania RailroadCo., 1 N.J. Super. 293 (App. Div. 1949); Nogueira v. NewYork, N.H. H.R. Co., 281 U.S. 128.
All of the cases I have found, commencing with the case of TheAdmiral Peoples, 295 U.S. 649 (1935), have taken the view that the rule furnishing the present test as to jurisdiction is to the effect that gangways furnishing ingress to or egress from the ship are regarded as part of the ship's equipment and therefore employees using them for either ingress or egress are to be considred at the time within the admiralty jurisdiction. See Jobv. Erie R.R. Co. (D.C.S.D.N.Y. 1948), 79 Fed. Supp. 698;Shang Ho (C.C.A. 9th 1937), 88 Fed.2d 42; Ford v. Parker
(D.C. District of Maryland 1943), 52 Fed. Supp. 98. Since we are dealing *Page 571 
with the meaning and application of federal statutes we are bound by the federal courts' construction thereof. Gussie v.Pennsylvania Railroad Co., supra. Whether the gangway was furnished by the dock rather than the ship is immaterial as bearing on the test of jurisdiction. Ford v. Parker, supra.
Likewise, it seems quite artificial to make the test of proper jurisdiction in such cases depend on the fortuitous and variable circumstance as to whether the employee is boarding or leaving the ship.
The locus of the accident is controlling and I therefore find that plaintiff's injury occurred upon the navigable waters of the United States and that plaintiff's exclusive remedy is within theLongshoremen's and Harbor Workers' Compensation Act, supra.Gussie v. Pennsylvania Railroad Co., supra.
The case of Smith Son v. Taylor, 276 U.S. 179, relied on by the plaintiff, is readily distinguishable from the present case in that in the Taylor case the "deceased was upon the land" when he was struck. In that case the locus of the accident was on land. In the present case the locus of the accident was on navigable waters.
Plaintiff urges that he should be entitled to give evidence as to the causation of the injury and he states "it may be that some motivating force arising from the land caused the plaintiff to slip and fall on the gangplank." There is nothing in the stipulation of facts setting forth that the motivating force arose from the land, and even if it did, under the case of Smithv. Taylor, supra, the holding is that the locus where the accident happened determines jurisdiction and not the locus of the motivating force. In the Taylor case, supra, it will be noted that the motivating force arose from a winch on a ship in navigable waters. The court held that as the injury occurred on a stage projecting from the wharf, which was deemed an extension of the land, the right of action was controlled by the state, and not by the maritime, law. Conversely, where the injury occurs on navigable waters, the right of action is controlled by the maritime law.
Defendant's motion for summary judgment is granted. *Page 572