**James WEST, Plaintiff,**

v.

**ERIE RAILROAD COMPANY, Inc., Defendant.**

United States District Court
S. D. New York.
July 8, 1958.

Standard, Weisberg, Harolds & Malament, New York City, Alan H. Buchsbaum, New York City, of counsel, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Richard Henry Pershan, New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion by defendant Erie Railroad Company, Inc., for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 128 U.S.C.A., on the ground that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law.

The complaint alleges that the plaintiff, a citizen of New Jersey, was injured in March, 1955, as a result of the negligence of the defendant while plaintiff was working as an employee of the defendant. The complaint grounds its claim for relief on the applicability of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The defendant in its answer alleged as a separate and complete affirmative defense, that at all the times referred to in the complaint plaintiff was employed by the defendant Erie Railroad Company and was covered by the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950, which act provides the exclusive remedy of the plaintiff against this defendant.

It appears from the complaint, affidavits and deposition of the plaintiff that the following facts exist without substantial controversy:

1. That the plaintiff was an employee of the defendant.

2. That the defendant is a railroad company which has employees employed in maritime employment upon the navigable waters of the United States.

3. That the defendant is the owner of Erie Barge No. 380, which is a vessel of over eighteen tons net.

4. That on March 29, 1955, the plaintiff was injured while loading Erie Barge No. 380 at Weehawken, New Jersey. On that day the plaintiff was employed by the defendant as an extra trucker at dock F in Weehawken and was using a handtruck to move cases of merchandise from the dock to Erie Barge No. 380; that while so engaged, the plaintiff suffered injuries.

5. The plaintiff testified that he was on the gangplank leading from the dock to the ship at the time of the accident.

6. After the accident the plaintiff made a claim against defendant under the Longshoremen's and Harbor Workers' Compensation Act to the United States Department of Labor, Bureau of Employees' Compensation, and has received compensation under the provisions of that act.

The facts of this case do not pose a new problem. It is clear that where the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950, applies, it is the exclusive statute under which an employee may recover from his employer. 33 U.S. C.A. § 905. Pennsylvania R. Co. v. O'Rourke, 1953, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367; Nogueira v. New York, N. H. & H. R. Co., 1930, 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754. The coverage of the Longshoremen's and Harbor Workers' Compensation Act extends, with various exceptions which do not appear to be applicable here, to employees injured "upon the navigable waters of the United States (including any drydock) * * *." 33 U.S.C.A. § 903. The act applies to employers "any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the

United States (including any drydock.)"
33 U.S.C.A. §§ 902(4), 904.

It appears from the papers and the uncontested facts that the Erie Railroad is such an employer, part of whose employees are employed upon navigable waters of the United States, and it further appears that plaintiff's injury similarly occurred upon such navigable waters. It is well established in the case law that barges, such as the one here, which are owned by railroads and operated in navigable waters, are covered by the provisions of the Longshoremen's Act. See, e. g., Pennsylvania R. Co. v. O'Rourke, supra; Nogueira v. New York, N. H. & H. R. Co., supra. Plaintiff was injured while he was on the gangplank leading up to the barge and it is established that gangplanks are considered as a part of or an extension of the ship and that, resultantly, injuries occurring on gangplanks are maritime injuries occurring on navigable waters. See Nogueira v. New York, N. H. & H. R. Co., supra; The Admiral Peoples, 1935, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633; Job v. Erie R. Co., D.C.S.D.N.Y.1948, 79 F. Supp. 698; Ford v. Parker, D.C.D.Md. 1943, 52 F.Supp. 98; Byrd v. New York Central System, 1949, 6 N.J.Super. 568, 70 A.2d 97; Gilmore & Black, Law of Admiralty, p. 339 at note 279; 1 Benedict, Admiralty, § 128(b) (6th Ed., Knauth 1940). Although plaintiff is an employee of a railroad and states that he was not regularly employed as a stevedore or in the loading of barges, it is none the less clear that the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., does not apply to injuries which are within the scope of the exclusive provisions of the Longshoremen's and Harbor Workers' Compensation Act, supra. The rights of the railroad employee against his employer when he is injured while working with barges belonging to his railroad employer, are determined by where the injury occurred and not by the nature of his employment. Pennsylvania R. Co. v. O'Rourke, supra, 344 U.S. at page 340, 73 S.Ct. at page 305; Byrd v. New York Central System, supra; Job v. Erie R. Co., supra. It may seem inconsistent that plaintiff would have different remedies available to him if he had been injured on the shore, or if the barge belonged to a party other than his employer and he were suing that third party. See Gilmore & Black, Law of Admiralty, pp. 251–252, 333–374 (1957). However, such inconsistencies are problems for the Congress and may not be resolved by this Court. Plaintiff was acting as a stevedore for the railroad at the time his injury occurred on the gangway of the barge, and it would appear that this is just the sort of accident to which the Longshoremen's and Harbor Workers' Compensation Act was meant to apply.

From the papers it appears that the Erie Railroad has complied with § 905 of Title 33 U.S.C.A., and has made payment of compensation as required by the Longshoremen's Act. As stated above, it does not appear that any of the exceptions to the Longshoremen's Act, which would take this action out of the act's exclusive coverage, exist in this case.[1] Resultantly, plaintiff's rights as against his employer Erie Railroad Company for the injury which he suffered are to be exclusively determined under the Longshoremen's and Harbor Workers' Compensation Act, and the affirmative defense of the defendant is good and must result in judgment for the defendant. Since the essential facts leading to this conclusion exist without substantial controversy, there are no issues to be tried. The motion is granted and judgment shall be granted for the defendant with costs. So ordered.

1. For example, the employee here was not a master or member of a crew of a vessel and does not contend that he was. The affidavits stated that the barge was over eighteen tons net. Title 33 U.S.C.A. § 902(3).